# LEGAL AUTHORITIES REGARDING CONSTRUCTIVE POSSESSION OF A FIREARM

The following authorities are submitted to demonstrate the legal requirements for establishing constructive possession of a firearm and to show that an individual **cannot be deemed in possession of a firearm located in another person's residence absent specific evidence of knowledge and control.** These authorities are binding within the Fourth Circuit, which governs cases arising in North Carolina.

## 1. United States v. Blue, 957 F.2d 106 (4th Cir. 1992)

In *Blue*, the Fourth Circuit held that constructive possession cannot be based solely on a defendant's presence near a firearm. The government must prove that the individual **knew of the firearm's presence** and had the **ability to exercise dominion or control** over it. The court rejected proximity alone as insufficient to support a conviction.

This authority supports the principle that a person who is merely present in a residence where a firearm is discovered—without knowledge or control—**does not possess the firearm as a matter of law.**

## 2. United States v. Morrison, 991 F.2d 112 (4th Cir. 1993)

The Fourth Circuit reaffirmed that presence in another person's residence where a firearm is found does not establish constructive possession. The government must present

evidence that the defendant was **aware of the firearm** and **intended to exercise control** over it.

This decision is directly applicable where the defendant is a guest in a home and has **no ownership or control** over the premises.

---

### 3. United States v. Scott, 424 F.3d 431 (4th Cir. 2005)

In *Scott*, the court clarified that constructive possession requires both (1) **knowledge** of the firearm and (2) the **power and intent** to exercise control over it. The presence of a firearm in the vicinity of an individual does not, by itself, establish constructive possession.

This authority further demonstrates that absent proof of knowledge or the ability to control the location where the firearm was found, a constructive-possession theory cannot be sustained.

---

### 4. United States v. Gallimore, 247 F.3d 134 (4th Cir. 2001)

The Fourth Circuit held that constructive possession depends on control over the location where the firearm is discovered. Where the defendant does not control the residence, vehicle, or premises, the necessary elements of constructive possession are not met.

This case is particularly relevant where, as here, the individual is a **temporary guest** who lacks authority or dominion over the home where the firearm was located.

### 5. United States v. Jenkins, 986 F.2d 76 (4th Cir. 1993)

The court held that constructive possession cannot be inferred when a firearm is located in a residence controlled by another person unless there is specific evidence that the defendant **knew of the firearm's presence** and **had access or intent to control it**. The court emphasized that mere association with the homeowner does not establish possession.

This authority further establishes that an individual cannot be held responsible for a firearm hidden or stored within a residence they do not control.

### 6. United States v. Bonham, 477 F.2d 1137 (3d Cir. 1973) *(Persuasive Authority)*

Although from the Third Circuit, *Bonham* is widely cited and supports the principle that a guest in another person's home cannot be deemed in constructive possession of contraband located somewhere within the home unless the government provides evidence of **knowledge** and the **intent or ability to exercise control**.

This case reinforces the broader legal consensus that constructive possession cannot be inferred from presence alone.

**Summary of Legal Principles Demonstrated by These Authorities**

Exhibit 4.A

The authorities submitted collectively establish that:

1. **Constructive possession requires both knowledge and control.**

2. **Mere presence** in a home or location where a firearm is found is **insufficient** as a matter of law.

3. Being a **guest** in another person's residence negates any presumption of dominion or control over items located within the home.

4. **Proximity** to a firearm does not constitute possession without additional evidence of intent or ability to control it.

5. Without proof of **actual knowledge,** a charge for possession cannot stand.

To prove constructive possession of a firearm in North Carolina, an officer must show the individual had **knowledge** of the firearm's presence and the **power and intent to exercise control** over it, even without direct physical possession. This can be proven through circumstantial evidence, such as the defendant's access to the location, ownership of the premises, and any actions indicating intent. Mere proximity is not enough; the prosecution must provide additional incriminating evidence.

## Elements of constructive possession

- **Knowledge:** The individual must be aware that the firearm is present.

- **Power and Intent to Control:** The individual must have the ability to control the firearm's use or disposition, and have the intent to do so.

## Circumstantial evidence used to prove constructive possession

- **Access to the location:** The individual's access to the area where the firearm was found (e.g., the driver's seat of a car, a specific room in a house).

- **Ownership of the premises:** Ownership of the property where the item was found is a significant factor.

- **Statements or behavior:** The defendant's actions or words that suggest they knew about the firearm or intended to control it.

- **Proximity:** While proximity alone isn't enough, it can be a factor in combination with other evidence.

- **Evidence:** Police reports, video evidence, diagrams, or fingerprints can all be used to build a case.

Exhibit
6 A

## Constructive Possession (Under NC Case Law)

- Under North Carolina law, "possession" for § 14-415.1 can be **actual** or **constructive**. CaseLaw +1
- **Actual possession** is when the firearm is physically on the defendant's person, they are aware of it, *and* they have the power and intent to control its use or disposition. CaseLaw +1
- **Constructive possession** exists when the defendant *does not physically hold the firearm*, but they have both:
  1. **Intent**, and
  2. **Capability**,

     to maintain control and dominion over the firearm. cecil.law
- When the defendant does **not have exclusive control** over the location where the firearm is found (e.g., shared space), the prosecution must present *other incriminating circumstances* to show constructive possession. CaseLaw +1
- Whether constructive possession exists depends on the **totality of the circumstances** (i.e., who has access, proximity, knowledge, relationship to the place where the gun is, etc.). vLex