IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CT-3077-FL

| | |
|---|---|
| MAURKICE DOCK FOYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMES OBERSHEA, DETECTIVE ) | |
| MATTHEW LASSITER, FIRST ) | |
| SERGEANT LEWIS, DEPUTY ) | |
| ANDREWS, and DEPUTY VAZQUEZ, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action by filing complaint April 7, 2025, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 and related state law claims. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to expedite initial review (DE 6, 11), to amend complaint (DE 7, 8), and for leave to proceed in forma pauperis (DE 2).

**COURT'S DISCUSSION**

A.  Plaintiff's motions

Plaintiff's motions to amend are granted as a matter of course. See Fed. R. Civ. P. 15(a)(1). Accordingly, the court will consider plaintiff's claims in the original complaint and the two proposed amended complaints (DE 7, 8) when conducting the initial review below.

The motions to expedite are denied as moot where the court conducts herein the initial review under § 1915(e)(2)(B). Finally, having considered plaintiff's motion to proceed in forma

pauperis under the governing standard, the court finds plaintiff has demonstrated inability to pay the filing fee in this action. See 28 U.S.C. § 1915(a)(1). This motion is granted.

B.  Initial Review

   1.  Standard of Review

Section 1915 provides that courts shall review complaints in which the plaintiff requests leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[1]

In addition, when a party is proceeding pro se, the pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

2. Original Complaint

By his first complaint, plaintiff brings various claims related to his arrest for possession of a firearm by a person previously convicted of a felony and simple assault on a female.[2] Plaintiff alleges that he was visiting Jakiya Chatman ("Chatman") in Lumberton, North Carolina when officers with the Robeson County Sheriff's Office responded to a "shots fired" call at the residence. (Compl. (DE 1) at 2; Ex. 1 (DE 1-1) at 1). During the ensuing encounter, plaintiff was arrested for the foregoing offenses and placed in pretrial detention. (DE 1 at 2–3). The officers involved in plaintiff's arrest or prosecution are the named defendants, as follows: deputy Andrews ("Andrews"), deputy Vazquez ("Vazquez"), detective Matthew Lassiter ("Lassiter"), and first sergeant Lewis ("Lewis"). (Compl. (DE 1) at 1–2).

Plaintiff's federal claims for illegal search, false arrest, and malicious prosecution are not clearly frivolous. See United States v. Turner, 122 F.4th 511, 517 (4th Cir. 2024) ("Warrantless searches . . . are per se unreasonable under the Fourth Amendment, subject to only a few specifically and well-delineated exceptions."); Hupp v. Cook, 931 F.3d 307, 318 (4th Cir. 2019) (elements of false arrest claim); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (malicious prosecution). With respect to the search claim, while plaintiff signed a consent form as reflected in the documents attached to the complaint, (DE 1-1 at 5), he alleges that defendants coerced him into signing the form. (DE 1 at 1). In this procedural posture, the court accepts that assertion as true and allows the search claim to proceed on the basis that consent allegedly was not voluntary. See United States v. Matlock, 415 U.S. 164, 171 (1974) (stating that consent must be "voluntary").

---

[2] Although plaintiff was charged with assault on a female, he does not challenge that arrest or prosecution in the instant case.

3

These claims are allowed to proceed insofar as plaintiff asserts them against defendants Lassiter, Vazquez, and Andrews in their individual capacities.

Plaintiff's related state law claims for false imprisonment[3] and intentional infliction of emotional distress based on his arrest/prosecution allegedly unsupported by probable cause also are allowed to proceed. See Turner v. Thomas, 369 N.C. 419, 427–29 (2016) (elements of intentional infliction of emotional distress); Hales v. McCrory-McLellan Corp., 260 N.C. 568, 570 (1963) (false imprisonment); see also Massey v. Ojaniit, 759 F.3d 343, 358 (4th Cir. 2014) (stating that North Carolina recognizes common law tort claim for false imprisonment based on arrest and detention unsupported by probable cause). The court also permits the civil conspiracy claims under federal and state law to proceed at this juncture. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (suggesting that civil conspiracy to violate plaintiff's rights under 42 U.S.C. § 1983 is separate cause of action from conspiracies under 42 U.S.C. § 1985); State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444 (2008) (discussing state law claim for civil conspiracy). These claims will proceed as to defendants Lassiter, Andrews, and Vazquez.

Plaintiff, however, does not allege a plausible claim for civil conspiracy under 42 U.S.C. § 1985, the federal statute cited in the complaint. (DE 1 at 5). Such a claim requires allegations showing:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

---

[3] Plaintiff also labels this claim as "coercion" but he does not otherwise distinguish between false imprisonment and "coercion." (DE 1 at 5). Accordingly, the court considers this as one claim for false imprisonment.

4

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).  Plaintiff does not allege the foregoing elements, and as a result the court permits the federal civil conspiracy claim to proceed only insofar as it is predicated on constitutional violations under § 1983.  Hinkle, 81 F.3d at 421.

With respect to plaintiff's "abuse of process" and "due process" claims, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, and not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  See County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Plaintiff's claims for unlawful search, false arrest, and malicious prosecution are governed by the Fourth Amendment as opposed to substantive or procedural due process.  See Manuel v. City of Joliet, Ill., 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); English v. Clarke, 90 F.4th 636, 645–46 (4th Cir. 2024); Durham v. Horner, 690 F.3d 183, 189 (4th Cir. 2012); Mora v. City of Gaithersburg, MD, 519 F.3d 216, 226 (4th Cir. 2008).  And plaintiff does not allege any specific facts suggesting a due process claim independent of his claims for illegal search, wrongful arrest, and malicious prosecution.  Accordingly, plaintiff fails to allege a due process violation.

Turning next to defendant Lewis, plaintiff does not allege that he participated in the search, arrest, or prosecution of plaintiff.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  Id. at 676.  Thus, the claims against defendant Lewis are dismissed.

Finally, plaintiff has not alleged plausible claims against defendants in their official capacities. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985). While Robeson County may be subject to suit under § 1983, any claim against this entity must be based on an unconstitutional policy or custom. See Monell, 436 U.S. at 694; Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469–70 (4th Cir. 2013). Plaintiff does not allege a plausible claim for municipal liability under Monell.

In sum, the unlawful search, false arrest, malicious prosecution, false imprisonment, intentional infliction of emotional distress, and civil conspiracy claims, as construed herein, are allowed to proceed against defendants Andrews, Lassiter, and Vazquez. The claims against defendant Lewis, all official capacity claims, and the due process claims are dismissed.

2. First Amended Complaint

By his proposed first amended complaint ("FAC"), plaintiff asserts the same claims set forth above, though he provides even less factual allegations relative to the original complaint. (Compare DE 7 with DE 1). In addition, plaintiff alleges new claims for violations of the First Amendment and North Carolina's Public Records Act. Finally, plaintiff alleges for the first time that defendant Lewis "participated in the events, ratified the misconduct, and failed to intervene." (DE 7 at 2).

As for the retaliation claim, plaintiff asserts that defendant James Obershea, a supervisor with the Robeson County Sheriff's Office, retaliated against him for exercising his First Amendment rights by threatening to reinstate the criminal charges against him. (DE 7 at 2). This

6

claim is not clearly frivolous, and it is allowed to proceed against defendant Obershea in his individual capacity. See Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017).

At this preliminary stage, the court also will allow plaintiff's state law claim for violation of the North Carolina Public Records Act to proceed against the Robeson County Sheriff's Department. See N.C. Gen. Stat. 132-1; DTH Media Corp. v. Folt, 374 N.C. 292, 300 (2020) (describing the Act); (DE 7 at 2, 4). The court recognizes that certain materials sought by plaintiff may be exempted from disclosure pursuant to N.C. Gen. Stat. § 132-1.4(a), but that exemption does not cover every law enforcement record and the court cannot evaluate the exemption without input from defendants. See id. § 132-1.4(c); see also Gannett Pacific Corp. v. North Carolina State Bureau of Investigation, 164 N.C. App. 154, 156–58 (2004).[4]

Plaintiff's new allegations against defendant Lewis fail to state a claim where plaintiff alleges in conclusory fashion that he "participated in the events, ratified the misconduct, and failed to intervene." (DE 7 at 2). As set forth above, conclusory assertions devoid of factual enhancement are subject to dismissal on initial review. See Iqbal, 556 U.S. at 678–79. Accordingly, the claims against defendant Lewis in the FAC, and any repeated claims set forth in the FAC that were dismissed above in analysis of the original complaint, are dismissed.

3. Second Amended Complaint

Finally, plaintiff asserts numerous causes of action by way of his proposed second amended complaint ("SAC"). These new claims are based on the same factual allegations recited above in

---

[4] Notably, Public Records Act provides that individuals denied public records "may apply to the appropriate division of the [North Carolina] General Court of Justice for an order compelling disclosure or copying, and the court shall have jurisdiction to issue such orders if the person has complied with [N.C. Gen. Stat. § 7A-38.3E]." At this juncture, the court does not address whether plaintiff must comply with this provision before seeking relief in federal court on this claim.

7

discussion of the original complaint and the FAC. (Compare DE 1 and DE 7 with DE 8). To the extent plaintiff brings the same claims allowed to proceed above, the SAC is repetitive and unnecessary. As to any newly asserted claims, plaintiff provides no factual allegations in support of these claims. As a result, the court dismisses all claims in the SAC. See Iqbal, 556 U.S. at 678–79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim on which relief may be granted).

## CONCLUSION

Based on the foregoing:

1. Going forward, the operative complaint in this action is the original complaint at docket entry one, as supplemented by the retaliation and Public Records Act claims in the FAC at docket entry seven;

2. As to the original complaint, this action is ALLOWED to proceed insofar as plaintiff alleges Fourth Amendment unlawful search, false arrest, and malicious prosecution claims, and civil conspiracy against defendants Andrews, Lassiter, and Vazquez in their individual capacities. In addition, plaintiff's state law claims for false imprisonment, intentional infliction of emotional distress, and civil conspiracy against these same defendants are ALLOWED to proceed. All remaining claims in the original complaint are DISMISSED;

3. With respect to the FAC, plaintiff is ALLOWED to proceed with the retaliation claim against defendant Obershea in his individual capacity, and the North Carolina Public Records Act claim against defendant Robeson County. All remaining claims in the FAC are DISMISSED;

8

Case 5:25-ct-03077-FL    Document 13    Filed 11/25/25    Page 8 of 9

4. The SAC is DISMISSED in its entirety;

5. The United States Marshals Service is DIRECTED to proceed with service of process pursuant to 28 U.S.C. § 1915(d) as to defendants Obershea, Lassiter, Andrews, Vazquez, and Robeson County;

6. All claims against defendant Lewis are DISMISSED and the clerk shall terminate defendant Lewis on the docket; and

7. Plaintiff's motions to amend the complaint (DE 7, 8) are GRANTED on the terms set forth above, his motions to expedite (DE 6, 11) are DENIED as moot, and his motion to proceed in forma pauperis (DE 2) is GRANTED.

SO ORDERED, this the 25th day of November, 2025.

LOUISE W. FLANAGAN
United States District Judge