Maurkice Foye

v

Obershea, et al.

Exhibit Index

K - K9

FILED
DEC -8 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ E. ___ CLK

Case #
5:25-ct-03077

Date: 12/05/25

Sign: /s/ Maurkice Foye

**\*\*EXHIBIT OUTLINE** K

— **FORESEEABILITY, PROMISES, AND PATTERN OF MISCONDUCT**

**Maurkice Foye**

**V**

**Obershea, et al.**

Connected to the Events of 10/06/2021 and 12/13/2022**

---

## I. INTRODUCTION AND PURPOSE OF EXHIBIT

This exhibit outlines the **foreseeable harm, spoken and unspoken government promises,** and **pattern of constitutional violations** arising from the interactions between Plaintiff and the Robeson County Sheriff's Office and its agents.

The information is organized into factual categories derived from Plaintiff's firsthand account, the CAD report, officer narratives, the homeowner's statement, and subsequent interactions with RCSO personnel.

---

## II. FORESEEABILITY OF HARM ARISING FROM MISCLASSIFIED CAD INFORMATION

**Factual Outline**

1. The CAD caller **did not identify Plaintiff**, did not witness violence, did not see a firearm, and only reported "hearing noises."

2. The call was **misclassified** in a manner that implied a violent domestic event and gunfire despite no concrete evidence.

3. Responding officers **arrived with elevated assumptions** unsupported by any direct observation.

4. Plaintiff was **immediately handcuffed** upon stepping outside, before any investigation occurred.

5. Officers **did not verify** the homeowner's condition before detaining Plaintiff.

6. The homeowner later clarified she **did not hear gunshots, was not injured**, and **did not see Plaintiff with a gun**.

## LEGAL SIGNIFICANCE

- It is **objectively foreseeable** that acting solely on a misclassified CAD report without corroboration would result in wrongful detention, arrest, and criminal charges.

- Federal law requires officers to base seizures on **specific, articulable facts** — not speculative assumptions.

- When officers act on unverified dispatch information without conducting minimal investigation, subsequent harm, including prosecution and incarceration, becomes

predictable and preventable, supporting claims of **false arrest, false imprisonment**, and **malicious prosecution**.

---

## III. FORESEEABILITY OF HARM ARISING FROM FABRICATED OR INCONSISTENT OFFICER REPORTING

**Factual Outline**

1. Officer narratives referenced **injuries (swelling, bruising)** that the homeowner **denied ever having**.

2. No photographs, EMS documentation, or medical records support any injury.

3. Officer Lassiter's narrative contains **internal contradictions** regarding whether the homeowner heard a gunshot.

4. Officers attributed actions to Plaintiff (dragging the homeowner, hiding the gun) that **no witness stated**.

5. No forensic evidence (DNA, fingerprints, casings, bullet holes) supported the firearm accusation.

**LEGAL SIGNIFICANCE**

- Courts recognize that **fabrication of evidence** or inclusion of materially false statements makes resulting harm **foreseeable**, because false information naturally leads to wrongful prosecution.

- Inconsistent or knowingly false officer statements also establish **malice**, which is required for **malicious prosecution** and **IIED** claims.

- Fabrication and contradiction in reports defeat **qualified immunity,** as no reasonable officer could believe constitutional violations based on invented facts were lawful.

---

## IV. FORESEEABILITY OF HARM ARISING FROM COERCED CONSENT TO SEARCH

**Factual Outline**

1. Plaintiff was handcuffed and placed in a locked patrol vehicle.

2. Officer Lassiter stated Plaintiff should not "make this hard" and hinted at "additional charges" if he refused to sign.

3. Plaintiff signed the form under distress, even misspelling his name in the printed portion while signing clearly in the signature line.

4. Plaintiff had **no meaningful ability to refuse.**

**LEGAL SIGNIFICANCE**

- Consent obtained under threat, restraint, or coercion is **not voluntary** under established constitutional standards.

- Any evidence resulting from coerced consent is **fruit of an unlawful search.**

- It is foreseeable that coercion would produce invalid consent, leading to **invalid charges**, supporting the unlawful search and malicious prosecution claims.

- Coercive tactics reflect **intentional misconduct**, further supporting **punitive damages** and **IIED**.

---

## V. FORESEEABILITY OF HARM ARISING FROM FAILURE TO CONSIDER EXCULPATORY EVIDENCE

**Factual Outline**

1. The homeowner stated she **did not hear any gunshots**.

2. She explicitly stated Plaintiff **never possessed the firearm**.

3. She never described any assault or injury inflicted by Plaintiff.

4. These exculpatory statements were available to officers before charges were approved.

**LEGAL SIGNIFICANCE**

- Officers have a **clearly established duty** to consider readily available evidence before making arrests or recommending charges.

- Ignoring exculpatory evidence renders subsequent harm (arrest, charges, incarceration, emotional damage) **highly foreseeable**.

- This strengthens claims for **malicious prosecution, failure to investigate**, and **civil conspiracy.**

---

## VI. FORESEEABILITY OF RETALIATION ARISING FROM SUPERVISOR COMMENTS ON 12/13/2022

### Factual Outline

1. Plaintiff met with Detective Lassiter to ask why charges were originally filed.

2. Lassiter reviewed the dismissal and took it to Supervisor Obershea.

3. Upon entering, Obershea displayed immediate hostility.

4. He stated words to the effect of:

    **"Since you're asking questions, I can call the DA and have the charges brought again."**

5. Plaintiff became frightened and left immediately.

### LEGAL SIGNIFICANCE

- A threat to initiate criminal charges **because a citizen asked questions** constitutes retaliation for protected First Amendment activity.

- Harm from retaliation—fear, chilling of speech, emotional distress—is **foreseeable** and compensable under §1983.

- Supervisory retaliation defeats qualified immunity because retaliatory threats violate **clearly established constitutional law.**

---

### VII. FORESEEABILITY ARISING FROM PUBLIC RECORDS ACT OBSTRUCTION (2025)

**Factual Outline**

1. Plaintiff submitted PRA requests on 5/15, 5/27, and 6/03 of 2025.

2. Each time, officers exhibited hostility, including paper-snatching and refusal to sign.

3. County Attorney later stated requests were being "cross-referenced" with Plaintiff's lawsuit.

4. No records were provided for more than 6 months.

5. Plaintiff previously received discovery from the same interview room, proving materials **exist**.

**LEGAL SIGNIFICANCE**

- Delayed or obstructed records predictably cause distress, hinder litigation, and interfere with Plaintiff's rights.

- PRA violations are **strict liability**: agencies must produce records unless legally exempt.

- Hostile interactions and unexplained delays establish **bad faith**, foreseeability of emotional harm, and support claims for damages.

## VIII. FORESEEABILITY OF EMOTIONAL AND PSYCHOLOGICAL HARM

**Factual Outline**

1. Plaintiff was jailed four days, faced 9+ court appearances, and lived under threat of prosecution.

2. Plaintiff experienced ongoing trauma, anxiety, panic, and PTSD symptoms.

3. Retaliatory threats exacerbated mental harm.

4. The year-long prosecution produced fear, humiliation, and daily instability.

**LEGAL SIGNIFICANCE**

- Emotional distress is a **foreseeable consequence** of unlawful arrest, fabricated evidence, coerced consent, malicious prosecution, and retaliation.

- Harm is recoverable under §1983 and IIED standards when misconduct is outrageous and intentional.

- This strengthens the damages portion of all claims.

## IX. FORESEEABILITY ARISING FROM PATTERN OF COORDINATED MISCONDUCT (CONSPIRACY ELEMENTS)

**Factual Outline**

K9

1. Officers Andrews and Vazquez detained Plaintiff before investigation.

2. Officers consulted each other before Lassiter arrived.

3. Lassiter's narrative mirrored unsupported elements from initial assumptions.

4. All officers adopted the same fabricated storyline.

5. Obershea later threatened re-prosecution when questioned.

**LEGAL SIGNIFICANCE**

- A coordinated pattern of actions increases foreseeability of resulting harm.

- When multiple officials act collectively in a way that violates rights, the law recognizes this as potential **conspiracy**.

- Harm flowing from coordinated misconduct is considered **foreseeable and preventable.**