IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

| | |
|---|---|
| MAURKICE DOCK FOYE, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **DEFENDANTS' ANSWER TO THE**<br>) **ORIGINAL COMPLAINT AND** |
| JAMES OBERSHEA, DETECTIVE<br>MATTHEW LASSITER, FIRST<br>SERGEANT LEWIS, DEPUTY<br>ANDREWS, DEPUTY VAZQUEZ,<br>and ROBESON COUNTY, | ) **SUPPLEMENTAL FIRST AMENDED**<br>) **COMPLAINT**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**NOW COME** Defendants, James Obershea, Detective Matthew Lassister, Deputy Andrews, Deputy Vazquez, and Robeson County (hereinafter collectively "Defendants"), by and through the undersigned counsel, and hereby respond to the Plaintiff's original Complaint [DE 1] and Plaintiff's supplemental claims in his First Amended Complaint [DE 7] per the Court's November 25, 2025 Order [DE 13] and states the following:

### FIRST DEFENSE

Defendants plead lack of subject matter jurisdiction, personal jurisdiction, and insufficient service of process pursuant to the provisions of Rules 12(b)(1), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Defendants plead all applicable immunities to which they are entitled by operation of law and in bar of Plaintiff's claims herein, including but not limited to the following: governmental immunity, qualified immunity, public official immunity, legislative immunity, quasi-judicial immunity, and the public duty doctrine.

### FOURTH DEFENSE

In response to the individually numbered paragraphs of Plaintiff's original Complaint [DE 1], Defendants hereby state as follows:

### JURISDICTION AND VENUE

1. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

2. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

### PARTIES

1. Denied for lack of information or belief.

2. Admitted.

3. Admitted that Defendant Deputy Vazquez was the second officer to arrive on the scene. Except as admitted, denied.

4. It is admitted that Detective Matthew Lassiter is a detective who was a part of the investigation of the incident in question. Except as admitted, the allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

5. It is admitted that on or about October 6, 2021, law enforcement officers responded to a shots-fired domestic disturbance involving the plaintiff. Except as admitted, the allegations of this paragraph are denied.

6. It is admitted that the plaintiff exited the home and was checked for weapons and then placed in Deputy Andrews' patrol vehicle. Except as admitted, the allegations in this paragraph are denied.

7. It is admitted that upon information and belief, Deputy Andrews and Deputy Vazquez were the first and second officers on scene. Except as admitted, the allegations of this paragraph are denied.

8. It is admitted that a firearm, Taurus G2 9MM, was recovered from the premises. Except as admitted, the allegations of this paragraph are denied.

9. It is admitted that the plaintiff was charged with Possession of a Firearm and Assault on a Female. Except as admitted, the allegations of this paragraph are denied.

10. Denied.

11. Denied.

12. Denied.

4936-2657-5755, v. 1

13. It is admitted that the plaintiff was incarcerated for this incident. Except as admitted, the allegations of this paragraph are denied.

14. Denied as stated.

## COUNT I
## UNLAWFUL SEIZURE AND FALSE ARREST

12. Defendants hereby re-allege and incorporate by reference their responses to the foregoing Paragraphs as if fully set forth herein.

13. Denied.

14. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

15. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## COUNT II
## MALICIOUS PROSECUTION
### (Violation of Fourth Amendment and State Law – 42 U.S.C. § 1983 and North Carolina Common Law)

16. Defendants hereby re-allege and incorporate by reference their responses to the foregoing Paragraphs as if fully set forth herein.

17. Denied.

18. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## COUNT III
## ABUSE OF PROCESS AND DUE PROCESS VIOLATION

4936-2657-5755, v. 1

**(Fifth and Fourteenth Amendments – 42 U.S.C. § 1983)**

19. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

20. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

21. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

**COUNT IV**
**FALSE IMPRISONMENT AND COERCION**
**(North Carolina State Law and § 1983)**

22. Defendants hereby re-allege and incorporate by reference their responses to the foregoing Paragraphs as if fully set forth herein.

23. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

**COUNT V**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

**(North Carolina State Law)**

24. Defendants hereby re-allege and incorporate by reference their responses to the foregoing Paragraphs as if fully set forth herein.

4936-2657-5755, v. 1

25. Denied.

26. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## COUNT VI
## CIVIL CONSPIRACY
## (42 U.S.C. § 1985 and State Law)

27. Denied.

28. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

### VII. DECLARATION OF EMOTIONAL AND FINANCIAL HARM

29. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

30. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

31. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

32. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

33. The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

## DAMAGES

34. The allegations in this paragraph and subparts are denied.

35. The allegations of this paragraph and subparts constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

EACH AND EVERY OTHER ALLEGATIONS CONTAINED IN THE PLAINTIFF'S COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF THEREIN, IS HEREBY DENIED.

## FIFTH DEFENSE

In response to the individually numbered paragraphs of Plaintiff's supplemental First Amended Complaint [DE 7], Defendants hereby state as follows:

## JURISDICTION AND VENUE

1. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

2. The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## PARTIES

4936-2657-5755, v. 1

1. Denied for lack of information or belief.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

## FACTUAL ALLEGATIONS

1. It is admitted that on or about October 6, 202, law enforcement officers responded to a shots-fired domestic disturbance involving the plaintiff. Except as admitted, the allegations of this paragraph are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. It is admitted that Plaintiff met with Detective Lassiter and Major James Obershea at the Robeson County Sheriff's Office. Except as admitted, denied as stated.

7. Denied.

8. Defendant Robeson County has produced documents Plaintiff is entitled to under North Carolina Public Records Act, which are attached as Exhibit 1. Except as admitted, denied.

9. Denied.

## CLAIMS FOR RELIEF

4936-2657-5755, v. 1

# COUNT I
# UNLAWFUL SEIZURE AND FALSE ARREST
(42 U.S.C. § 1983- Fourth and Fourteenth Amendments)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

# COUNT II
# MALICIOUS PROSECUTION
(42 U.S.C. § 1983- Fourth and Fourteenth Amendments)

The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

# COUNT III
# ABUSE OF PROCESS AND DUE PROCESS VIOLATION
(42 U.S.C. § 1983- Fifth and Fourteenth Amendments)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

# COUNT IV
# FALSE IMPRISONMENT AND COERCION
(North Carolina State Law and § 1983)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

# COUNT V
# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(North Carolina State Law)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

## COUNT VI
## CIVIL CONSPIRACY
(42 U.S.C. § 1985 and State Law)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

## COUNT VII
## FIRST AMENDMENT RETALIATION
(42 U.S.C. § 1983)

The allegations of this paragraph do not require a response per the Court's November 25, 2025 Order [DE 13] dismissing this claim. To the extent a response is deemed necessary, denied.

## COUNT VIII
## DENIAL OF ACCESS TO PUBLIC RECORDS AND COURTS
(42 U.S.C. § 1983, Fourteenth Amendment, and N.C. Public Records Act)

The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## DAMAGES

The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## JURY DEMAND

The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

## PRAYER FOR RELIEF

The allegations of this paragraph constitute a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

EACH AND EVERY OTHER ALLEGATIONS CONTAINED IN THE PLAINTIFF'S FIRST AMENDED COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF THEREIN, IS HEREBY DENIED.

## **AFFIRMATIVE DEFENSES FOR BOTH ANSWER TO ORIGINAL COMPLAINT AND SUPPLEMENTAL FIRST AMENDED COMPLAINT**

### **SIXTH DEFENSE**

Defendants allege that, at all times relevant to this action, the County and any of its employees, officials, and representatives were acting without malice and with a good faith belief that their duties were carried out in accordance with the Laws and the Constitutions of the United States and the State of North Carolina.

### **SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of failure to mitigate damages.

## NINTH DEFENSE

Any claim on the part of Plaintiff for punitive damages are barred by the laws of North Carolina and the United States, including but not limited to the following N.C. Gen. Stat. § 1D *et. seq.*, the Constitution of the United States, and the Constitution of North Carolina.

## TENTH DEFENSE

Defendants did not engage in any conduct which deprived Plaintiff of any right secured by the Constitution or laws of this land.

## ELEVENTH DEFENSE

To the extent that it is determined that any of the Defendants were negligent, which is denied, and that such negligence was a direct and proximate cause of the injuries allegedly sustained by the Plaintiff, then it is alleged that the Plaintiff himself was negligent and that such negligence was the proximate cause of Plaintiff's injuries or damages, if any. Therefore, contributory negligence is pled in bar of Plaintiff's right to recover of the Defendants.

## TWELFTH DEFENSE

Defendants did not engage in, promote or further any policy or practice which deprived Plaintiffs of any right secured by the Constitution or laws of this land.

## **THIRTEENTH DEFENSE**

Defendants reserve the right to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the discovery process.

**WHEREFORE**, having fully answered each and every allegation contained in the Plaintiff's Complaint, Defendants pray the Court as follows:

1. That the Plaintiff have and recover nothing of the Defendants by way of this action;
2. For the costs of this action, including reasonable attorney's fees;
3. For a trial by jury of all issues so triable herein; and
4. For such other and further relief as the Court may deem just and proper.

This the 29th day of January 2026.

                                                CRANFILL SUMNER LLP

BY:   */s/ Taylor J. Sweet*
        Patrick H. Flanagan, NC Bar #17407
        Taylor J. Sweet, NC Bar #55101
        Attorney for
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        phf@cshlaw.com
        tsweet@cshlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2026 the foregoing **DEFENDANTS' ANSWER TO THE ORIGINAL COMPLAINT AND SUPPLEMENTAL FIRST AMENDED COMPLAINT** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

                                          CRANFILL SUMNER LLP

BY:   */s/ Taylor J. Sweet*
          Patrick H. Flanagan, NC Bar #17407
          Taylor J. Sweet, NC Bar #55101
          Attorney for
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          phf@cshlaw.com
          tsweet@cshlaw.com