📄 **UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

Maurkice Foye,

Plaintiff,

v.

Robeson County, et al.,

Defendants.

Case No. 5:25-ct-3077

---

📄 **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Maurkice Foye respectfully moves this Court for partial summary judgment as to liability on Plaintiff's claims for unlawful search, lack of probable cause, false imprisonment, and violations of North Carolina public records law, and malicious prosecution.

📄 **I. INTRODUCTION**

This case presents a straightforward question: whether law enforcement officers may detain, search, and charge an individual in the absence of any observed criminal conduct, without physical evidence, and without an inculpatory witness statement, and then rely on information obtained after the fact to justify those actions.

The undisputed material facts show that they cannot.

Defendants detained Plaintiff immediately upon arrival, conducted a warrantless search prior to obtaining consent, and later relied on information developed after the detention to justify their actions. Defendants also failed to comply with their statutory obligations under North Carolina public records law by delaying production for months, producing incomplete records, and failing to identify or justify withheld materials.

The undisputed record establishes:

• No officer observed Plaintiff commit a crime

• No physical evidence existed

• No witness implicated Plaintiff

• Plaintiff was detained before investigation

• Consent was obtained after entry and while Plaintiff was restrained

These facts are not disputed and require no credibility determination.

Because these issues turn on objective facts not credibility determinations, Plaintiff is entitled to partial summary judgment as a matter of law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

### I. DISPATCH AND INITIAL INFORMATION

1. On October 6, 2021, law enforcement officers responded to a dispatch reporting a female screaming and possible gunshots in the area. (Ex. 1).

2. The dispatch information did not identify Plaintiff as a suspect. (Ex. 1).

3. The dispatch information did not report that Plaintiff was in possession of a firearm. (Ex. 1).

4. The dispatch information did not report that Plaintiff committed an assault. (Ex. 1).

## II. ARRIVAL AND IMMEDIATE DETENTION

5. Defendants Andrews and Vazquez were among the first officers to arrive at the scene. (Andrews Resp. to RFA No. 1; Vazquez Resp. to RFA No. 1).

6. Plaintiff was detained upon officers' arrival at the scene. (Andrews Resp. to RFA No. 3; Vazquez Resp. to RFA No. 2).

7. Plaintiff was placed in handcuffs during the initial encounter. (Andrews Resp. to RFA No. 3; Vazquez Resp. to RFA No. 2).

8. Plaintiff was secured and not free to leave during this detention. (Resp. to RFA No. 6).

9. Plaintiff was detained prior to the completion of any full investigation at the scene. (Andrews Resp. to RFA No. 3; Vazquez Resp. to RFA No. 4).

## III. ABSENCE OF PERSONAL OBSERVATION OF CRIMINAL CONDUCT

10. Defendant Andrews did not personally observe Plaintiff commit a crime prior to detaining him. (Resp. to RFA No. 12).

11. Defendant Vazquez did not personally observe Plaintiff commit a crime prior to detaining him. (Resp. to RFA No. 14).

12. Detective Lassiter did not personally observe Plaintiff commit an assault. (Resp. to RFA No. 5).

13. No Defendant personally observed Plaintiff in possession of a firearm. (Andrews Resp. to RFA No. 16; Vazquez Resp. to RFA No. 14; Lassiter Resp. to RFA No. 5).

14. No Defendant personally observed Plaintiff engage in unlawful conduct prior to his detention. (Resp. to RFA No. 12, 14, 5, 16).

## IV. RELIANCE ON SECONDHAND INFORMATION

15. Defendants relied on dispatch information and information provided by others rather than personal observation in evaluating the incident. (Andrews Resp. to RFA No. 14; Vazquez Resp. to RFA No. 13; Lassiter Resp. to RFA No. 16).

16. Detective Lassiter relied on information obtained during the investigation rather than firsthand observation. (Resp. to RFA No. 16).

17. Defendant Obershea relied on reports and information provided by other officers. (Resp. to RFA No. 2).

18. Defendant Obershea did not personally observe the events leading to Plaintiff's detention. (Resp. to RFA No. 5).

## V. WITNESS STATEMENTS

19. The homeowner was the primary witness at the scene. (Ex. 4; Resp. to RFA No. 22).

20. The homeowner stated that the firearm belonged to her. (Ex. 4,11,12,13).

21. The homeowner did not state that Plaintiff possessed the firearm. (Ex. 4).

22. No witness identified Plaintiff as possessing a firearm. (Ex. 11,12,13 & Ex.4).

23. No witness reported that Plaintiff committed an assault. (Ex.4).

## VI. LACK OF PHYSICAL EVIDENCE

24. At the time Plaintiff was detained, Defendants did not possess physical evidence linking Plaintiff to a firearm. (Andrews Resp. to RFA No. 3; Vazquez Resp. to RFA No. 2; Lassiter Resp. to RFA No. 16).

25. At the time Plaintiff was detained, Defendants did not possess physical evidence linking Plaintiff to any alleged crime. (Ex.11,12,13).

## VII. TIMELINE OF INFORMATION DEVELOPMENT

26. Plaintiff was detained prior to the development of additional information during the investigation. (Ex.11,12,13)

27. Certain information relied upon by Defendants was obtained after Plaintiff had already been detained. (Ex.11,12,13).

28. Defendant Obershea's knowledge of the incident was based on information obtained after Plaintiff's detention. (Ex.11,12,13)

29. Defendants incorporated information obtained after Plaintiff's detention into reports used to support charges. (Ex.11,12,13).

## VIII. SEARCH AND CONSENT

30. Officers entered and searched the residence during the incident. (Ex. 11,12,13).

31. No warrant was obtained prior to the entry and search. (Ex. 11,12,13).

32. Written consent to search was obtained after the initial entry and search. (Ex. 11,12,13).

33. Plaintiff was in handcuffs at the time the consent form was presented. (Ex.11,12).

34. Plaintiff was secured in a patrol vehicle at the time consent was obtained. (Ex.11).

## IX. CHARGING DECISION

35. Plaintiff was charged following the investigation conducted at the scene. (Ex. 11,12,13).

36. At the time of charging, Defendants had not observed Plaintiff commit a crime. (Ex.1,4,11,12,13).

37. At the time of charging, Defendants had no physical evidence linking Plaintiff to a firearm. (Ex.1,4,11,12,13).

38. At the time of charging, Defendants had no inculpatory witness statement identifying Plaintiff as possessing a firearm. (Ex.1,4,11,12,13).

## X. DISPOSITION OF CHARGES

39. The charges against Plaintiff were ultimately dismissed. (Ex. 6).

## XI. PUBLIC RECORDS REQUEST

40. Plaintiff submitted a public records request on April 15, 2025. (Ex. 7).

41. Plaintiff submitted follow-up requests on April 27, 2025, and June 3, 2025. (Ex. 8).

42. Defendants did not provide a substantive response until November 26, 2025. (Ex. 9).

43. Defendants did not produce documents until January 28, 2026. (Ex. 10).

44. The documents produced were incomplete and did not include all requested records. (Ex. 2,4,10).

45. Defendants did not identify specific records withheld. (Ex. 9,10).

46. Defendants did not provide a legal basis for withholding any records. (Ex. 9,10).

## III. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a).

A dispute is "genuine" only if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the record demonstrates that no such dispute exists, the Court may resolve the issue as a matter of law.

The material facts relevant to the claims addressed in this motion are not subject to genuine dispute. Those facts are established through Defendants' own admissions, documentary evidence, and undisputed timelines. No credibility determinations are required.

## IV. ARGUMENT

**A. Defendants Conducted an Unlawful Search in Violation of the Fourth Amendment**

The Fourth Amendment protects against unreasonable searches and seizures, and warrantless searches of a home are presumptively unconstitutional. Payton v. New York, 445 U.S. 573, 586 (1980).

The undisputed facts establish that Defendants entered and searched the residence prior to obtaining consent. Written consent was obtained only after the search had already occurred and after Plaintiff had been detained, handcuffed, and placed in a patrol vehicle.

Consent obtained after a search cannot retroactively justify that search. See Florida v. Royer, 460 U.S. 491, 497 (1983).

Additionally, consent must be voluntary, and voluntariness is assessed under the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Consent given while an individual is handcuffed and confined in a patrol vehicle is inherently coercive and cannot constitute valid consent.

Because Defendants conducted a warrantless search without valid consent and outside any recognized exception, the search violated the Fourth Amendment as a matter of law.

---

## B. Defendants Lacked Probable Cause to Detain and Charge Plaintiff

Probable cause exists only where the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable belief that an offense has been committed. Beck v. Ohio, 379 U.S. 89, 91 (1964).

The undisputed record establishes a complete absence of such facts:

- No Defendant personally observed Plaintiff commit a crime

- No Defendant observed Plaintiff in possession of a firearm

- No witness identified Plaintiff as possessing a firearm

- Defendants possessed no physical evidence linking Plaintiff to any offense

Instead, Defendants relied on generalized dispatch information and secondhand statements.

The timeline is dispositive. Plaintiff was detained first, and only thereafter did Defendants develop the information they now rely upon. Probable cause must be evaluated based on the facts known at the time of the seizure—not information obtained after the fact.

Post hoc justification cannot supply probable cause. See Henry v. United States, 361 U.S. 98, 103 (1959).

The record further reflects that each Defendant relied on information provided by others rather than independent observation. This creates a chain of reliance without an originating factual

basis. Where no officer possesses firsthand knowledge sufficient to establish probable cause, collective reliance cannot cure the absence of underlying facts.

Under these circumstances, no reasonable officer could conclude that probable cause existed. Plaintiff is therefore entitled to judgment as a matter of law.

## C. Plaintiff's Detention Constituted False Imprisonment

The Fourth Amendment prohibits the restraint of an individual's liberty without lawful justification. A detention unsupported by probable cause violates the Constitution. See Dunaway v. New York, 442 U.S. 200, 216 (1979).

The undisputed facts establish that Plaintiff was detained immediately upon officers' arrival, prior to any meaningful investigation and in the absence of observed criminal conduct or supporting evidence.

Because Defendants lacked probable cause, Plaintiff's detention was unlawful and constitutes false imprisonment as a matter of law.

## D. Defendants Violated North Carolina Public Records Law

North Carolina law requires that public records be provided within a reasonable time and that any withholding be accompanied by a legal justification. See News & Observer Publ'g Co. v. Poole, 330 N.C. 465 (1992).

The undisputed facts establish that:

- Plaintiff submitted a request in April 2025

- Defendants delayed for months

- Documents were not produced until January 2026

- The production was incomplete

- No withheld records were identified

- No legal justification was provided

Defendants' delay and incomplete production frustrate the purpose of public records law and constitute a clear violation of their statutory obligations.

Because these facts are not in dispute, Plaintiff is entitled to summary judgment on this claim.

---

### E. Defendants Are Liable for Malicious Prosecution Under the Fourth Amendment

The Fourth Amendment protects against unreasonable seizures, including those resulting from legal process unsupported by probable cause.

To establish malicious prosecution under §1983, a plaintiff must show that the defendant caused a seizure pursuant to legal process, that the seizure was unsupported by probable cause, and that the criminal proceedings terminated in the plaintiff's favor. See Evans v. Chalmers.

The undisputed facts establish each of these elements.

First, Plaintiff was seized and charged as a result of Defendants' actions during the investigation.

Second, as demonstrated above, Defendants lacked probable cause at the time Plaintiff was detained and charged. No Defendant observed Plaintiff commit a crime, no Defendant observed Plaintiff in possession of a firearm, no physical evidence linked Plaintiff to any offense, and no witness identified Plaintiff as possessing a firearm.

Third, the charges against Plaintiff were ultimately dismissed, constituting a favorable termination.

Because the prosecution was initiated and continued without probable cause, and because the underlying proceedings terminated in Plaintiff's favor, Defendants are liable for malicious prosecution as a matter of law.

These facts are not subject to genuine dispute and require no credibility determination.

## V. APPLICATION OF UNDISPUTED FACTS TO CONTROLLING LAW

### A. Lack of Probable Cause

The undisputed facts establish that:

- No Defendant observed Plaintiff commit a crime

- No Defendant observed Plaintiff in possession of a firearm

- No physical evidence existed

- No witness implicated Plaintiff

Under Beck v. Ohio, probable cause requires facts sufficient to warrant a reasonable belief that an offense has been committed.

Where officers act without observation, without evidence, and without inculpatory witness statements, probable cause is absent as a matter of law.

---

## B. Unlawful Search

The undisputed facts establish that:

- Entry occurred prior to consent

- Consent was obtained after detention

- Plaintiff was restrained

Under Payton v. New York, warrantless entry into a home is presumptively unconstitutional.

*Consent obtained after entry cannot justify the search.*

---

## C. False Imprisonment

Because probable cause was absent, Plaintiff's detention was unlawful.

See Dunaway v. New York.

---

## D. Public Records Violation

The undisputed timeline establishes delay and incomplete production.

Under News & Observer Publ'g Co. v. Poole, such conduct violates statutory obligations.

## VI. CONCLUSION

Because the undisputed material facts establish that Defendants acted without probable cause, conducted a warrantless search without valid consent, and violated their statutory obligations regarding public records, Plaintiff respectfully requests that the Court grant partial summary judgment as to liability on these claims.

No genuine issue of material fact precludes such relief.

Respectfully submitted,

Sign: _Maurkice Foye_

Date: _03/30/26_

Maurkice Foye

Plaintiff, Pro Se