IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

| | | |
|---|---|---|
| MAURKICE DOCK FOYE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT ANDREWS'** |
| | ) | **RESPONSES TO PLAINTIFF'S** |
| JAMES OBERSHEA, DETECTIVE | ) | **REQUEST FOR ADMISSIONS** |
| MATTHEW LASSITER, FIRST | ) | |
| SERGEANT LEWIS, DEPUTY | ) | |
| ANDREWS, DEPUTY VAZQUEZ, | ) | |
| and ROBESON COUNTY, | ) | |
| | ) | |
| Defendants. | | |

## REQUEST FOR ADMISSIONS

1. Admit you were the first officer to arrive on scene.

   **RESPONSE: Admitted.**

2. Admit you made the first contact with Plaintiff.

   **RESPONSE: Admitted.**

3. Admit Plaintiff was handcuffed immediately upon or shortly after first contact.

   **RESPONSE: Admitted.**

4. Admit Plaintiff was handcuffed before any firearm was located.

   **RESPONSE: Admitted.**

Ex. 12. 1

5. Admit Plaintiff was handcuffed before any search was conducted.

   **RESPONSE:** Admitted.

6. Admit Plaintiff was placed inside your patrol vehicle.

   **RESPONSE:** Admitted.

7. Admit Plaintiff was not free to exit your patrol vehicle.

   **RESPONSE:** Admitted.

8. Admit Plaintiff was not free to leave once placed in your patrol vehicle.

   **RESPONSE:** Admitted.

9. Admit you considered Plaintiff "detained" while he was in your patrol vehicle.

   **RESPONSE:** Admitted.

10. Admit Plaintiff's freedom of movement was fully restrained while in your patrol vehicle.

    **RESPONSE: Objection, the terms "freedom of movement" and "fully restrained" are vague and ambiguous. Subject to and without waiving this objection, it is admitted that Plaintiff was being detained in the safety of my patrol vehicle. Except as admitted, denied.**

11. Admit no firearm was recovered from Plaintiff's person.

    **RESPONSE: Objection, the term "Plaintiff's person" is vague and ambiguous. Subject to and without waiving this objection, it is admitted a firearm was recovered from the dwelling where Plaintiff admitted he was located. Except as admitted denied.**

12. Admit you did not personally observe Plaintiff holding a firearm.

    **RESPONSE:** Admitted.

13. Admit you did not personally observe Plaintiff exercising control over a firearm.

RESPONSE: **Objection, the phrase "exercising control over a firearm" is vague and ambiguous. Subject to and without waiving this objection, it is admitted I witnessed Plaintiff walk out of the home where the firearm was located and he was not holding the firearm when he walked out. Except as admitted, denied.**

14. Admit you had no physical evidence linking Plaintiff to a firearm at the time of handcuffing.

RESPONSE: **Objection, the phrase "physical evidence" is vague, ambiguous, and incomprehensible. Subject to and without waiving this objection, it is admitted I had information shots were fired at the residence at the time of the handcuffing. Except as admitted, denied.**

15. Admit you had no witness statement establishing firearm possession at the time of handcuffing.

RESPONSE: **It is admitted I had information obtained from a witness that shots were fired at the residence at the time of the handcuffing. Except as admitted, denied.**

16. Admit you did not personally observe Plaintiff commit an assault.

RESPONSE: **It is admitted the assault occurred prior to my arrival on scene, so I did not witness the assault. Except as admitted, denied.**

17.

18. Admit you relied on information obtained after detention to support charges.

   **RESPONSE: It is admitted law enforcement relied upon information obtained during the entire course of the investigation, including before, during, and after detention, to support charges.** Except as admitted, denied.

19. Admit Plaintiff was detained before probable cause was fully developed.

   **RESPONSE: Admitted.**

20. Admit no arrest warrant existed at the time Plaintiff was handcuffed.

   **RESPONSE: Admitted.**

21. Admit no search warrant existed at the time Plaintiff was handcuffed.

   **RESPONSE: Admitted.**

22. Admit the initial response was based on a 911 call.

   **RESPONSE: Admitted.**

23. Admit the CAD event was initially classified as ACC.

   **RESPONSE: Denied, due to lack of knowledge or belief.**

24. Admit the CAD classification was modified after officers arrived.

   **RESPONSE: Denied, due to lack of knowledge or belief.**

25. Admit other officers arrived after Plaintiff was already detained.

   **RESPONSE: Admitted.**

26. Admit information from later-arriving officers was used to support charges.

12.4

**RESPONSE: It is admitted information obtained during the entire course of the investigation, including before, during, and after detention, supported charges. Except as admitted, denied.**

27. Admit the firearm charge against Plaintiff was dismissed.

**RESPONSE: Admitted, upon information and belief.**

28. Admit the assault charge against Plaintiff was dismissed.

**RESPONSE: Admitted, upon information and belief.**

29.

30. Admit no document produced contradicts Plaintiff's account of being immediately restrained.

**RESPONSE: Denied.**

This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY: */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101
Attorney for
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com

Case 5:25-ct-03077-FL     Document 33-13     Filed 03/30/26     Page 5 of 5