IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

MAURKICE DOCK FOYE,                    )
                                       )
                Plaintiffs,            )
                                       )
        v.                             )        **DEFENDANT VAZQUEZ'S**
                                       )        **RESPONSES TO PLAINTIFF'S**
JAMES OBERSHEA, DETECTIVE              )        **REQUEST FOR ADMISSIONS**
MATTHEW LASSITER, FIRST                )
SERGEANT LEWIS, DEPUTY                 )
ANDREWS, DEPUTY VAZQUEZ,               )
and ROBESON COUNTY,                    )
                                       )
                Defendants.            )

## REQUEST FOR ADMISSIONS

1. Admit Plaintiff was handcuffed during the Incident.

    **RESPONSE: It is admitted that the Plaintiff was handcuffed by Deputy Andrews. Except as admitted, denied.**

2. Admit Plaintiff was handcuffed before the investigation was complete.

    **RESPONSE: It is admitted that the Plaintiff was handcuffed for safety while the investigation was conducted for the 911 call for domestic disturbance with gun shots. Except as admitted, denied.**

3. Admit Plaintiff was not free to leave when handcuffed.

    **RESPONSE: Admitted.**

4. Admit Plaintiff was handcuffed before all facts supporting arrest were known.

**RESPONSE:** Admitted.

5. Admit you did not personally observe Plaintiff holding a firearm.

   **RESPONSE:** Admitted.

6. Admit no firearm was recovered from Plaintiff's person.

   **RESPONSE: Objection, the term "Plaintiff's person" is vague and ambiguous. Subject to and without waiving this objection, it is admitted a firearm was recovered from the dwelling where Plaintiff admitted he was located. Except as admitted denied.**

7. Admit the firearm was located based on information provided by another person.

   **RESPONSE: It is admitted another person notified law enforcement there was a firearm located inside the residence. Except as admitted, denied.**

8. Admit you were told where the firearm was located before the search occurred.

   **RESPONSE: It is admitted another person notified law enforcement where the firearm was located prior to the firearm being retrieved by law enforcement. Except as admitted, denied.**

9.

10. Admit you did not independently verify firearm ownership before the search.

    **RESPONSE: It is admitted that I did not investigate the ownership of the firearm prior to retrieving it. Except as admitted, denied.**

11. 

4915-3520-0654, v. 1

███████████

12. Admit you did not exclude all other individuals as potential possessors of the firearm.

**RESPONSE: Objection, incomprehensible and ambiguous, it is unclear what this request is seeking. Subject to and without waiving this objection, prior to retrieval of the firearm, there was no determination as to who owned the firearm. Except as admitted, denied.**

13. Admit you relied in part on inference rather than direct observation.

**RESPONSE: Objection, vague, overly broad, incomprehensible, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, an investigation was conducted and a decision was made based upon information discovered during that investigation. Except as admitted, denied.**

14. Admit you did not personally observe Plaintiff commit an assault.

**RESPONSE: Admitted.**

15. ███████████████████████



16. Admit you relied on witness statements to support the assault charge.

**RESPONSE: It is admitted law enforcement relied upon all evidence obtained during this investigation, including statements from witnesses on scene to support the assault charges. Except as admitted, denied.**

17. ███████████████████████

4915-3520-0654, v. 1

18. Admit Plaintiff was detained before probable cause was fully developed.

**RESPONSE: Admitted.**

19. Admit some facts relied upon were learned after detention.

**RESPONSE: Objection, vague, not limited in time or scope, and forces Defendant to guess as to what Plaintiff is referencing. Subject to and without waiving this objection, it is admitted law enforcement relied upon information obtained during the entire course of the investigation, including before, during, and after detention, to support charges. Except as admitted, denied.**

20. Admit no search warrant had been issued at the time of the search.

**RESPONSE: Admitted.**

21. Admit Plaintiff was not free to leave when consent to search was requested.

**RESPONSE: Admitted.**

22. Admit Plaintiff was in custody when consent to search was requested.

**RESPONSE: It is admitted that the Plaintiff was detained in the back seat of a patrol vehicle when the consent search was requested and obtained. Except as admitted, denied.**

23. Admit no audio or video recording documents Plaintiff's consent.

**RESPONSE: It is admitted there is no video or audio recording of this incident in the possession of this answering Defendant. Except as admitted, denied.**

24. Admit a 911 call initiated law enforcement response.

**RESPONSE: Admitted.**

25. Admit the CAD event was initially classified as ACC.

    **RESPONSE: Denied, due to lack of knowledge or belief.**

26. Admit the CAD classification was changed after officers arrived on scene.

    **RESPONSE: Denied, due to lack of knowledge or belief.**

27. Admit the firearm charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**

28. Admit the assault charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**



This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:    */s/ Patrick H. Flanagan*
       Patrick H. Flanagan, NC Bar #17407
       Taylor J. Sweet, NC Bar #55101

4915-3520-0654, v. 1