**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**



FILED

APR 08 2026

PETER A MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Maurkice Foye,

Plaintiff,

v.

Robeson County, et al.,

Defendants.

Case No. 5:25-ct-3077-FL

---

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION, FOR SWORN DISCLOSURE REGARDING MISSING EVIDENCE, AND FOR APPROPRIATE SANCTIONS

---

### I. INTRODUCTION

Plaintiff respectfully moves this Court for an Order compelling Defendants to produce all responsive video and audio recordings and related evidence requested in discovery.

Although Defendants have produced limited materials following entry of the Court's protective order, their production is incomplete. Specifically, Defendants have failed to produce recordings related to the December 13, 2022 meeting.

Defendants now assert that no such recordings are available. In light of Defendants' prior acknowledgment of responsive materials and production of recordings from the same system, the absence of these materials raises serious concerns regarding the completeness of Defendants' discovery responses and their compliance with preservation obligations.

Accordingly, Plaintiff seeks an order compelling production or, alternatively, requiring Defendants to provide a sworn explanation regarding the existence, handling, and disposition of the requested evidence.

---

## II. FACTUAL BACKGROUND

1. Plaintiff served discovery requests seeking all video and audio recordings related to the events underlying this action, including recordings of interactions between Plaintiff and Defendants.

2. Defendants acknowledged the existence of responsive recordings and conditioned production on entry of a protective order.

3. The Court entered a protective order, and Plaintiff promptly executed and returned the order.

4. Defendants subsequently produced limited materials, including video footage dated October 6, 2021.

5.  Plaintiff already possesses this footage independently, and the production did not include additional responsive recordings.

6.  Defendants did not produce any recordings related to the December 13, 2022 meeting, despite that meeting being directly relevant to Plaintiff's claims.

7.  Defendants have now represented that no recordings from December 13, 2022 are available.

8.  Defendants have also failed to produce previously referenced audit logs, system records, or metadata related to recording, access, or retention of such materials.

9.  Plaintiff has made good faith efforts to resolve these issues without Court intervention, including follow-up communications requesting clarification and confirmation of completeness.

---

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

Under Federal Rule of Civil Procedure 34, a party must produce responsive materials within its possession, custody, or control.

Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure where another party fails to produce requested materials.

## IV. ARGUMENT

### A. Defendants Have Produced Only Partial and Duplicative Discovery

Defendants have produced limited materials following entry of the protective order, including footage that Plaintiff already possesses.

This production does not reflect full compliance with Plaintiff's discovery requests and does not include additional responsive recordings or related system data.

### B. The Requested Recordings and System Records Are Directly Relevant

The December 13, 2022 meeting is directly related to Plaintiff's claims and involves interactions central to the issues in this case.

Any recordings, audio, or related system records—including audit logs or metadata—constitute primary evidence and are essential to the factual record.

### C. Defendants' Production Demonstrates Control of the Recording System

Defendants have produced recordings from October 6, 2021, demonstrating that such recordings are maintained within their system.

The requested recordings from December 13, 2022 arise from the same agency, context, and recording system.

The absence of such recordings, without explanation, raises concerns regarding whether Defendants have fully complied with their discovery obligations.

---

## D. Defendants Have Failed to Provide Audit Logs or System Records

Defendants have not produced audit logs, metadata, or system records reflecting:

- creation of recordings;

- access to recordings;

- retention or deletion of recordings.

*Such materials are directly relevant to determining whether responsive recordings existed and what became of them.*

---

## E. Defendants' Representation That No Recordings Are Available Requires Further Scrutiny

Defendants now assert that no recordings from December 13, 2022 are available.

However, Defendants have not:

- clarified whether such recordings ever existed;

- explained the retention policy governing such recordings;

- identified the system on which such recordings would have been stored;

- described the steps taken to locate such recordings;

- or explained whether such recordings were deleted, lost, or otherwise unavailable.

Without such information, Defendants' representation is incomplete and insufficient to satisfy their discovery obligations.

---

### F. Alternative Relief – Spoliation Concerns and Adverse Inference

To the extent recordings from December 13, 2022 once existed but are no longer available, Defendants were under a duty to preserve relevant evidence once litigation was reasonably anticipated.

The unexplained absence of such evidence prejudices Plaintiff's ability to present his claims and evaluate the factual record.

Accordingly, if Defendants cannot produce the requested recordings, Plaintiff respectfully requests that the Court consider appropriate relief, including:

- requiring a sworn declaration detailing the existence, handling, and disposition of such recordings;

- permitting discovery into Defendants' retention and preservation practices;

- and, if warranted, an adverse inference that the missing evidence would have been unfavorable to Defendants.

---

## G. Plaintiff Has Acted in Good Faith

Plaintiff has:

- agreed to a protective order;

- executed and returned the order promptly;

- followed up regarding incomplete production;

- requested clarification regarding missing materials.

Defendants' incomplete responses have made this motion necessary.

---

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Order Defendants to produce all responsive video and audio recordings, including but not limited to recordings related to the December 13, 2022 meeting;

2. Order Defendants to produce any and all responsive evidence within their possession, custody, or control, including audit logs, metadata, and related system records;

3. Require such production to occur within **twenty-four (24) hours** of the Court's Order, or, alternatively, within such time as the Court deems appropriate;

4. Order Defendants to certify in writing that all responsive materials have been produced in full;

5. Order Defendants to provide a sworn declaration detailing the existence, preservation, and disposition of any recordings related to the December 13, 2022 meeting;

6. Grant such further relief, including appropriate sanctions or adverse inference if warranted, as the Court deems just and appropriate.

---

## VI. CONCLUSION

Defendants have produced only partial and duplicative discovery and have failed to produce key responsive evidence or adequately explain its absence.

Accordingly, Plaintiff respectfully requests that the Court compel full production and provide appropriate relief to address the incomplete record.

---

Respectfully submitted,

Maurkice Foye

Plaintiff, Pro Se

*Maurkice Foye*

04/08/2026