FILED

APR 16 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA

Maurkice Foye,

Plaintiff,

v.

Robeson County, et al.,

Defendants.

Case No. 5:25-ct-3077 – FL

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

### I. INTRODUCTION

Plaintiff respectfully submits this Response in Opposition to Defendants' Motion for Protective Order.

Defendants seek to halt depositions based on objections to the manner in which a prior deposition was conducted. While Plaintiff acknowledges Defendants' concerns, those concerns do not justify suspending discovery or preventing depositions from moving forward in compliance with the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiff noticed and conducted the deposition of Defendant Matthew Lassiter.

Plaintiff is proceeding **pro se** and made a good faith effort to conduct the deposition consistent with the Federal Rules of Civil Procedure, including having a notary public present to administer an oath and recording the deposition by audiovisual means.

Defendants participated in the deposition without seeking court intervention at that time.

Defendants now seek to halt further depositions based on alleged procedural deficiencies.

## III. LEGAL STANDARD

A protective order under Federal Rule of Civil Procedure 26(c) may be issued only upon a showing of good cause.

The moving party bears the burden of demonstrating that specific prejudice or harm will result absent the requested protection.

## IV. ARGUMENT

### A. Defendants Have Not Shown Good Cause to Halt Depositions

Defendants do not identify any specific prejudice that would result from allowing depositions to proceed in compliance with the Federal Rules.

Instead, Defendants seek to broadly suspend depositions based on disagreement with a prior deposition's procedure.

Such relief is unwarranted.

---

### B. Plaintiff Acted in Good Faith and Without Intent to Mislead

Plaintiff is a pro se litigant and acted in good faith in arranging for a notary public to administer the oath and recording the deposition.

There was no intent to misrepresent the role of any individual present or to circumvent the Federal Rules.

---

### C. Any Procedural Concerns Can Be Easily Cured Going Forward

To the extent the Court finds that clarification is necessary, Plaintiff is willing to ensure that all future depositions are conducted before a properly authorized officer in strict compliance with Federal Rule of Civil Procedure 28 and Federal Rule of Civil Procedure 30.

Plaintiff is also willing to utilize a certified court reporter if necessary.

### D. Discovery Should Proceed Without Unnecessary Delay

Defendants' request would effectively delay discovery and prevent Plaintiff from obtaining testimony essential to the claims in this case.

Courts favor the resolution of cases on the merits and generally permit discovery to proceed absent clear abuse.

Halting depositions entirely is not justified here.

### E. Plaintiff Is Willing to Re-Notice Depositions if Necessary

In the interest of efficiency and cooperation, Plaintiff is willing to re-notice depositions, including that of Defendant Lassiter, under procedures that fully comply with the Federal Rules.

This further demonstrates that a protective order is unnecessary.

### V. CONCLUSION

Defendants have failed to demonstrate good cause for a protective order.

Plaintiff has acted in good faith and is willing to proceed in full compliance with the Federal Rules.

Accordingly, Plaintiff respectfully requests that the Court:

1. **Deny Defendants' Motion for Protective Order;**

2. Permit depositions to proceed; and

3. Grant such other relief as the Court deems appropriate.

---

Respectfully submitted,

Maurkice Foye

Plaintiff, Pro Se

---

### 📄 CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel

for Defendants by:

☐ U.S. Mail

☐ Email

☒ CM/ECF

on this 16th day of April, 2026.