Case No.: 5:25-CT-3077-FL

| | | |
|---|---|---|
| MAURKICE DOCK FOYE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| JAMES OBERSHEA, DETECTIVE | ) | **STATEMENT OF FACTS** |
| MATTHEW LASSITER, FIRST | ) | |
| SERGEANT LEWIS, DEPUTY | ) | |
| ANDREWS, DEPUTY VAZQUEZ, | ) | |
| and ROBESON COUNTY, | ) | |
| | ) | |
| Defendants. | | |

NOW COME Defendants, Robeson County, James Obershea, Matthew Lassiter, Deputy Andrews, and Deputy Vazquez,, (collectively "Defendants"), through undersigned counsel, and hereby respond to the numbered paragraphs of Plaintiff's Local Civil Rule 56.1 Statement of Material Facts (D.E. 90, pp. 2-7), in the corresponding numbered paragraphs below

1. Undisputed with clarification. It is admitted that on October 6, 2021, Officers responded to a domestic disturbance with reports of shots fired and a female screaming and begging for help. (Andrews Aff. ¶ 3).

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed with clarification. Defendant Andrews was the first officer to arrive at the scene. (Andrews Aff. generally).

6. Undisputed with clarification. It is admitted Plaintiff was detained after Defendant Andrews first encountered him and after Defendant Andrews conducted a safety pat down. (Andrews Aff. ¶ 8).

7. Undisputed with clarification. It is admitted Plaintiff was put in handcuffs when he was detained. (*Id.*).

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed with clarification. It is admitted Defendant Andrews detained Plaintiff. (*Id.*).

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Disputed. This statement is contrary to the evidence of record. It is admitted Defendants relied on dispatch information, information provided by others, and their personal observations at the scene. (Andrews and Lassiter Aff. generally; D.E. 33-12 # 16).

16. Disputed. This statement is contrary to the evidence of record. It is admitted Defendant Lassiter relied on information obtained during the investigation but also relied upon his observations. (D.E. 33-12 # 16; Lassiter Aff. generally).

2

4936-0347-9203, v. 1

17. Defendants lack sufficient information or belief to admit or deny this statement of fact. Defendants do not know what Plaintiff is referencing or what he claims Defendant Obershea relied upon information provided by others. It is admitted Defendant Obershea was not at the scene on October 6, 2021, so has no first hand knowledge of that incident.

18. Undisputed.

19. Disputed. This statement is contrary to the evidence of record. The homeowner, Ms. Chatman, Plaintiff, and Mr. Smith were the civilian witnesses at the scene. (Lassiter Aff. ¶ 8, 9, 12).

20. Undisputed.

21. Undisputed.

22. Disputed. This statement is contrary to the evidence of record. Witness reports indicated a firearm was located in the common area in the residence where Plaintiff lived and that gunshots were heard prior to police arrival. (Lassiter Aff. ¶¶ 8, 9, 12).

23. Disputed. This statement is contrary to the evidence of record. Ms. Chatman reported a physical altercation with Plaintiff. (Lassiter Aff. ¶ 8).

24. Disputed. This statement is contrary to the evidence of record. Defendant Andrews responded to a call where shots were fired at the residence Plaintiff came out of. (Andrews Aff. ¶ 3).

25. Disputed. This statement is contrary to the evidence of record. Defendant Andrews responded to a call where shots were fired at the residence Plaintiff came out of and Defendant Andrews observed that Ms. Chatman, the woman who

3

4936-0347-9203, v. 1

walked out of the residence prior to Plaintiff, had a swollen left eye. (Andrews Aff. ¶¶ 3, 6-7).

26. Undisputed.

27. It is undisputed certain information relied upon by Defendants to charge Plaintiff was obtained after Plaintiff had already been detained.

28. Undisputed.

29. Undisputed with clarification. It is undisputed Defendants prepared reports of the incident and investigation that led to Plaintiff's charges and that some of the information was obtained after Plaintiff's detention. (D.E. 33-3).

30. Undisputed.

31. Undisputed.

32. Undisputed with clarification. It is undisputed the initial entry and retrieval of the firearm occurred prior to obtaining a written consent to search. (Andrews Aff. ¶¶ 11-13).

33. Undisputed.

34. Undisputed.

35. Undisputed with clarification. Plaintiff was charged following the investigation conducted at the scene and after his interview at the Sheriff's department. (Lassiter Aff. ¶¶ 11-14).

36. Undisputed.

37. Defendants cannot admit or deny as they do not understand what Plaintiff means by "physical evidence." It is admitted that at the time Plaintiff was charged, there

4

4936-0347-9203, v. 1

was evidence Plaintiff was residing in a home where he had custody, control, or possession of a firearm. (Lassiter Aff. ¶ 15).

38. Disputed.  Based upon witness statements from Mr. Smith, Plaintiff, and Ms. Chatman, it was determined Plaintiff was residing in a residence where he had custody, control, or possession of a firearm. (Lassiter Aff. ¶ 15).

39. Undisputed.

40. Disputed.  Upon information and belief, Plaintiff submitted the public records request on May 15, 2025. (D.E. 33-8).

41. Disputed.  Upon information and belief, Plaintiff followed up on May 27, 2025, and June 3, 2025. (D.E. 33-8, 33-9).

42. Undisputed upon information and belief.

43. Undisputed.

44. Disputed.  It is admitted the documents produced did not include all requested records, but the production was complete since Plaintiff is not entitled to production of records that are not public record.

45. Undisputed with clarification. Defendants did not withhold any public records.

46. Undisputed with clarification.  Defendants did not withhold any public records.

## **DEFENDANTS' STATEMENT OF ADDITIONAL FACTS**

47. When Defendant Andrews arrived at the residence, he observed the front doorway was slightly open.  When he announced his presence as law enforcement, the front door shut.  (Andrews Aff. ¶ 4).

5

4936-0347-9203, v. 1

48. After instructing any occupants to come outside, Defendant Andrews observed a woman come out of the residence and she had a swollen left eye. (Andrews Aff. ¶¶ 5-6).

49. Shortly after the woman came out, a male walked out of the residence and Defendant Andrews conducted a safety pat down of the male. (Andrews Aff. ¶ 8).

50. After discovering no weapons, Defendant Andrews detained the male (Plaintiff) by putting him in handcuffs and placing him in the back of his patrol vehicle. (*Id.*).

51. Defendant Andrews detained Plaintiff for security and safety purposes based upon the information received and observed. (*Id.* ¶ 9).

52. After detaining Plaintiff, Ms. Chatman indicated there was a firearm located in the open kitchen cabinet in her residence and gave verbal consent for officers to retrieve the weapon. (*Id.* ¶ 11).

53. Defendant Andrews did not know if anyone else was inside the residence and went inside to retrieve the firearm based upon Ms. Chatman's verbal consent due to safety and security concerns. (*Id.* ¶ 12).

54. Defendant Lassiter then arrived on scene, where Defendant Andrews informed him of the information he had and what had occurred on scene. (Lassiter Aff. ¶¶ 3-7).

55. Defendant Lassiter spoke with Ms. Chatman, who indicated she had been living with Plaintiff for the last three months and that a verbal altercation became physical that day.  She also reported jumping out of a window then running to the back door. (*Id.* ¶ 8).

6

4936-0347-9203, v. 1

56. Defendant Lassiter then spoke with Caleb Smith, a neighbor, who reported hearing a female screaming followed by two gun shots. He then saw a female jump out of the window of the trailer screaming for help and saw a male pull her back into the home. (*Id.* ¶ 9).

57. Plaintiff and Ms. Chatman voluntarily signed a consent to search form prior to the full search of the residence. (*Id.* ¶ 10).

58. Defendant Lassiter then interviewed Plaintiff after Plaintiff was given his Miranda rights. Mr. Foye stated Ms. Chatman owned a gun but that he never knew where she kept it because he is a convicted felon. Mr. Foye stated there was no physical altercation and that the altercation was only verbal. He also stated the gun was not involved in the altercation. (*Id.* ¶ 12).

59. Plaintiff was charged with possession of a firearm by a convicted felon based upon a firearm being located and found in a common area in a home occupied by a convicted felon. This constituted control, custody, or possession of a firearm by a convicted felon. The arrest warrant was signed by a magistrate. (*Id.* ¶ 15).

60. Plaintiff was charged with assault on a female based upon Ms. Chatman's swollen left eye and her statement that the altercation with Mr. Foye became physical after she hit him. The arrest warrant was signed by a magistrate. (*Id.* ¶ 16).

This the 20th day of April 2026.

CRANFILL SUMNER LLP

BY: */s/Jake W. Stewart*
Patrick H. Flanagan, NC Bar #17407
Jake W. Stewart, NC Bar #51157
Taylor J. Sweet, NC Bar #55101

7

4936-0347-9203, v. 1

*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
jstewart@cshlaw.com
tsweet@cshlaw.com

4936-0347-9203, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on April 20, 2026 the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

CRANFILL SUMNER LLP

BY: */s/Jake W. Stewart*
Patrick H. Flanagan, NC Bar #17407
Jake W. Stewart, NC Bar #51157
Taylor J. Sweet, NC Bar #55101
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
jstewart@cshlaw.com
tsweet@cshlaw.com

9

4936-0347-9203, v. 1