EXHIBIT
4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-009-FL

MAURKICE DOCK FOYE,           )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )
MATTHEW F. LASSITER and ROBESON   )        ORDER
COUNTY SHERIFF'S OFFICE;       )
                              )
            Defendants.        )
                              )
                              )
                              )

This matter comes before the court on plaintiff's motions for certain disclosures and evidence (DE 26, 27, 32, 34, 35, 44), which the court construes as motions to compel under Fed. R. Civ. P. 37(a), and motion for summary judgment (DE 38), and defendants' motions for judgment on the pleadings (DE 28) and for summary judgment (DE 47). The issues raised are ripe for ruling. For the following reasons, defendants' motion for judgment on the pleadings is granted and all remaining motions are terminated as moot.

## STATEMENT OF THE CASE

Plaintiff commenced this civil rights action pro se by undated complaint in the Superior Court of Robeson County, North Carolina, asserting violations of the First and Fourteenth Amendments to the United States Constitution by defendant Matthew F. Lassiter ("Lassiter") in his official capacity and defendant Robeson County Sheriff's Office ("the Robeson Sheriff"). Defendants removed to this court January 17, 2023 on the basis of federal question jurisdiction,

1

and answered the complaint January 24, 2023. Thereafter, plaintiff made several motions, which were denied as untimely by this court's March 1, 2023, order.

On March 28, 2023, the court entered case management order. Between April 17, 2023, and July 6, 2023, plaintiff filed the instant six motions requesting that defendants make certain disclosures and produce certain evidence; these motions all are construed as motions to compel. On April 21, 2023, defendants moved for judgment on the pleadings, and on May 3, 2023, plaintiff responded in opposition.

On May 25, 2023, plaintiff moved for summary judgment, relying upon an investigator statement, one page of a handwritten letter by Jakiya Ariona Chatman, plaintiff's girlfriend, and a consent to search form, but omitting a statement of material facts. See Local Civ. R. 56.1(a)(1). Defendants responded in opposition, relying upon a statement of material facts, an appendix of evidence, an investigative file on plaintiff maintained by defendant Robeson Sheriff, and an affidavit by K. Robert Davis, the County Attorney for Robeson County.

On July 14, 2023, defendants moved for summary judgment, relying upon a statement of material facts, an affidavit by defendant Lassiter, and an appendix. Plaintiff responded August 11, 2023, and defendants replied August 30, 2023.

## STATEMENT OF THE FACTS

The following facts are asserted in the complaint. Plaintiff states that on October 6, 2021, he was unlawfully arrested and imprisoned, and an incident report was created bearing a different crime than the one with which plaintiff eventually was charged. (Compl. (DE 1-3) at 4). Defendant Lassiter, who is described in the complaint as a Sheriff's "officer," allegedly investigated, along with three other officers. (Id.). Plaintiff asserts that officers "found no p.c. and charged [him] unlawfully in possession of a firearm that [he] wasn't in possession of and with

2

an assault domestic against all regulations and rights." (Compl. (DE 1-3) at 4). Plaintiff was detained for three and a half days, eventually spending $11,000.00 on bail. (Id. at 5).

**COURT'S DISCUSSION**

A.      Motion for Judgment on the Pleadings

       1.      Standard of Review

A motion for judgment on the pleadings is evaluated under "the same standard as a 12(b)(6) motion to dismiss." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to ' state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). " Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[1]

       2.      Analysis

             i.      Claim against Robeson County Sheriff's Office

Defendants argue that the Robeson Sheriff is not an entity capable of being sued. The court agrees.

---

[1]      Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

A sheriff's office "is not a cognizable legal entity separate from the [s]heriff in his official capacity and the county government of which [the] office is simply an agency." Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989). "Rightly construed," a claim against a sheriff's office effectively is "a claim against the governing body of the county," and this claim is discussed more fully below. Id. Accordingly, defendants' motion is granted with respect to defendant Robeson Sheriff.

        ii.      Claim against Defendant Lassiter

Defendants argue that plaintiff has failed to include allegations supporting an inference that Robeson County's customs or policies played a part in the asserted injury, necessary to state a claim against defendant Lassiter in his official capacity. The court agrees. In addition, to the extent plaintiff seeks to assert a claim against defendant Lassiter in his individual capacity, plaintiff fails to allege facts sufficient to permit an inference of liability.

"To establish an unreasonable seizure under the Fourth Amendment," plaintiff must allege facts permitting an inference that "the officers decided to arrest [him] . . . without probable cause." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); see also Dunaway v. New York, 442 U.S. 200, 207 (1979) (noting that this prohibition applies to the states through the Fourteenth Amendment). Probable cause exists if there is "enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." Brown, 278 F.2d at 367. In addition, "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions," including by arresting the individual, "for engaging in protected speech." Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019). "To prevail

on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." Id.[2]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). However, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

"[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." Id. Accordingly, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.'" Hafer v. Melo, 502 U.S. 21, 25 (1991). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Hunter v. Town of Mocksville, 897 F.3d 538, 554 (4th Cir. 2018).

> A policy or custom for which a [government entity] may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

---

[2] Where plaintiff "has not alleged any conduct on the officer's part that even arguably is governed by" the Fifth Amendment, the court is unable to identify a Fifth Amendment standard applicable to this case. Taylor v. Waters, 81 F.3d 429, 437 n.6 (4th Cir. 1996).

Case 2:23-cv-00070-FLD Document 469 Filed 04/30/26 Page 5 of 7

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (second alteration in original).

Plaintiff does not allege facts supporting an inference that Robeson County, the municipality and the real party in interest for purposes of the official capacity claim against defendant Lassiter, engaged in a policy or custom that played a part in the injury alleged. Plaintiff's allegations are confined to the specific instance discussed above, without reference to Robeson County's customs, policies, or practices. Accordingly, his claim against defendant Lassiter in his official capacity is dismissed.

Plaintiff's arguments are directed toward the wrongfulness of his arrest rather than any practices of Robeson County or similar instances of the same conduct directed toward others. In considering a motion for judgment on the pleadings, the court confines its review to the allegations in the complaint. Where plaintiff is proceeding without representation, the court has examined the record carefully for any attempt to amend the complaint to add allegations that Robeson County's policies or practices contributed to the injury alleged. Where no such allegations appear, however, plaintiff fails to state a claim against defendant Lassiter in his official capacity.

The court also has considered whether plaintiff has stated a claim against defendant Lassiter in his individual capacity, where plaintiff suggests in his complaint that defendant Lassiter and other Sheriff's officers personally engaged in wrongful conduct. However, the complaint fails to allege enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. For example, plaintiff suggests defendant Lassiter "found no p.c. and charged [him] unlawfully in possession of a firearm that [he] wasn't in possession of and with an assault domestic against all regulations and rights." (Compl. (DE 1-3) at 4). Plaintiff does not, however, allege facts upon which to infer defendant Lassiter lacked probable cause to arrest plaintiff on all charges, including domestic assault. See

6

Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution."); Brown, 278 F.3d at 367 (requiring a complaint to allege facts permitting an inference that an officer lacked probable cause to arrest the plaintiff). Therefore, where plaintiff fails to state a claim against defendant Lassiter, plaintiff's complaint must be dismissed as a matter of law.

B.      Additional Motions

In light of the court's dismissal of the complaint, plaintiff's motions to compel (DE 26, 27, 32, 34, 35, 44) and motion for summary judgment (DE 38) and defendants' motion for summary judgment (DE 47) all are terminated as moot.

## CONCLUSION

Based on the foregoing, defendants' motion for judgment on the pleadings (DE 28) is GRANTED. Plaintiff's claims are DISMISSED. In light of the dismissal of the complaint in this action, all remaining motions (DE 26, 27, 32, 34, 35, 38, 44, 47) are TERMINATED AS MOOT. The clerk is directed to close this case.

SO ORDERED, this the 15th day of November, 2023.

LOUISE W. FLANAGAN
United States District Judge

7