**EXHIBIT**

**6**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-709-FL

| | | |
|---|---|---|
| MAURKICE FOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MATTHEW LASSITER, DEPUTY | ) | |
| ANDREWS, DEPUTY VASQUEZ, FIRST | ) | |
| SERGEANT LEWIS, and ROBESON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (b)(4), and (b)(6) (DE 10), and plaintiffs' motions "to proceed," for summary judgment, "to continue," and for discovery (DE 14, 17, 18, 19, 20, 21). For the following reasons, defendants' motion is granted, and plaintiff's motions are denied.

**STATEMENT OF THE CASE**

Plaintiff filed complaint pro se August 8, 2024, asserting claims under 42 U.S.C. § 1983 for "intentional tort, negligent tort, gross negligence, failure to protect, false imprisonment, infliction of emotional distress, violation of [plaintiff's] 14th, 5th, and 4th constitutionally protected rights [sic], and racial discrimination." (Compl. (DE 1) 2). Plaintiff seeks compensatory and punitive damages.

Defendants filed the instant motion October 11, 2024, relying upon documents from a prior case plaintiff brought against substantially the same parties in Robeson County Superior Court,

which case was removed to this court January 17, 2023, and assigned case number 7:23-CV-9-FL (the "prior action"). This court dismissed the prior action under Federal Rule of Civil Procedure 12(c), on November 15, 2023.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. On October 6, 2021, defendants responded to a domestic violence call "with shots fired." (Compl. 1). Defendant Deputy Andrews detained plaintiff as he was leaving the property in question, and defendants Deputy Vasquez and First Sergeant Lewis called plaintiff a gang member and terrorist. (Id.).[1] While the officers had plaintiff detained, they searched the home of a "Mrs. Chatman" for bullet holes and shell casings, which they did not find. (Id. 1–2).

After failing to find this evidence, the officers "huddled up" for 15 minutes, at which point defendant Lassiter brought plaintiff a form authorizing a search of the residence. (Id. 2). Plaintiff refused to sign because he did not live at the residence. (Id.). Defendant Lassiter then threatened plaintiff that if he did not sign, he would face "many more charges." (Id.). Plaintiff therefore signed the form "in distress." (Id.). Plaintiff was subsequently charged with being a felon in possession of a firearm, then booked and jailed for four days before he posted bail. (Id.).

Plaintiff's charges were dismissed after "more than a year," at which point plaintiff spoke to defendant Lassiter, who made it clear that if plaintiff continued asking questions about the arrest, he would arrest and charge plaintiff again. (Id.).

---

[1] Defendants Andrews, Vasquez, and Lewis are identified in the complaint only by their last names and titles.

2

**COURT'S DISCUSSION**

A.      Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion under Rule 12(b)(4) challenges the sufficiency of process. See Fed. R. Civ. P. 12(b)(4). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

3

<u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009).

B.      Analysis

Defendants argue that plaintiff's summonses are improper, and that plaintiff's claims fail on the merits under the doctrines of res judicata and collateral estoppel. The court disagrees as to sufficiency of process, but concurs that res judicata and collateral estoppel bar this suit in full.

1.      Motion to Dismiss

a.      Service

Defendants first argue that this case should be dismissed for failure to serve proper summonses. This argument is premature.

Federal Rule of Civil Procedure 4(a) requires that a summons bear the court's seal and the signature of the clerk. Fed. R. Civ. P. 4(a)(1). Defendants' sole argument under Rules 12(b)(2) and (b)(4) is that plaintiff's proposed summonses lacked the court's seal and the clerk's signature. The court disagrees that dismissal for this reason is warranted given the current status of the case.

Plaintiff's proposed summonses are just that: proposed. They contain all the other elements required under Rule 4, and lack only the two items that are affixed to a summons only once it is issued by the clerk. See Fed. R. Civ. P. 4(b) (stating clerk must "sign, seal, and issue" summonses). Because a ruling on plaintiff's in forma pauperis status under 28 U.S.C. § 1915 has been deferred,

(Order (DE 11)), no service has occurred yet under 28 U.S.C. § 1915(d). Defendants' arguments on defective summonses are therefore premature. Plaintiff's proposed summonses lack the court's seal and the clerk's signature because they have not been issued pending the disposition of plaintiff's in forma pauperis application. Defendants' motion is therefore denied insofar as it requests dismissal under Rules 12(b)(2) and (b)(4).

        b.      Res Judicata

Defendants argue that res judicata bars this suit. The court agrees.

Generally, the res judicata doctrine of the jurisdiction whose court rendered a prior judgment controls its preclusive effect so that, for example, a North Carolina state court's judgment would be governed by North Carolina preclusion law even in other fora. See In re Genesys Data Techs., Inc., 204 F.3d 124, 128 (4th Cir. 2000). Because the prior judgment here came from a federal court whose jurisdiction was based on a federal question, federal preclusion law applies. Taylor v. Sturgell, 553 U.S. 880, 891 (2008).[2] Under federal law, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Providence Hall Associates Ltd. P'Ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 276 (4th Cir. 2016); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).[3]

---

[2]      The res judicata effect of a judgment from a federal court sitting in diversity is governed by the forum state's law. See Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 218 (4th Cir. 2006). Because jurisdiction in the prior action rested solely upon federal questions, federal preclusion law applies. (See generally Foye v. Lassiter, No. 7:23-cv-9, DE 1-3 (E.D.N.C. Jan. 17, 2023)).

[3]      Defendants incorrectly cite state authority for res judicata doctrine, but the tests under federal and state law are identical in all material respects here, so this misstep makes no difference to the outcome of their motion. Compare Moitie, 452 U.S. at 398, with State ex rel. Tucker v. Frinzi, 344 N.C. 411, 413 (1996), and Orlando Residence, Ltd. v. All. Hosp. Mgmt., LLC, 375 N.C. 140, 151 (2020). With the proper choice of law in mind, the court turns to the merits of defendants' res judicata argument.

First, this court's order dismissing plaintiff's prior action was a final judgment on the merits. It dismissed plaintiff's claims on their merits under Federal Rule of Civil Procedure 12(c), and it did not specify that dismissal was without prejudice. See generally Foye v. Lassiter, No. 7:23-cv-9, 2023 WL 7782996 (E.D.N.C. Nov. 15, 2023).[4] This dismissal therefore constituted an adjudication on the merits. See Fed. R. Civ. P. 41(b) ("unless the dismissal order states otherwise . . . any dismissal not under [Rule 41] . . . operates as an adjudication on the merits"). The first element of res judicata under federal law is met.

Second, the same parties, or at least their privies, are involved in this case. Plaintiff, Lassiter, and the Robeson County Sheriff's Office were named parties to the prior suit. The other named defendants here were in privity with the named defendants in the first suit. Privity exists when two parties are "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved . . . [and] whose interests in a given lawsuit are deemed to be aligned." Jones v. SEC, 115 F.3d 1173, 1180–81 (4th Cir. 1997). The other defendants were present during the events upon which plaintiff filed both of his suits, he sues them for the same actions, and they are encompassed under the Robeson County Sheriff's Office umbrella which plaintiff named as a party in his prior action. (See Foye v. Lassiter, No. 7:23-cv-9, DE 1-3 (E.D.N.C. Jan. 17, 2023)). These other officers are therefore in privity with the Robeson County Sheriff's Office because they represented exactly the same legal right, they are accused under identical facts, and are otherwise fully aligned with the defendants from plaintiff's prior action.

Third, plaintiff's claims here were or could have been raised in the prior action. While plaintiff's complaint here names more statutes than his prior action complaint, (see id.), it rests

---

[4] The court may take judicial notice of prior court filings and proceedings as part of a res judicata analysis, even under Rule 12. Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

upon the exact same events. In both suits, plaintiff sued over alleged constitutional violations stemming from the same October 6, 2021, arrest, the same jail stay, and the same bond. (Compare id., with Compl. (DE 1-1) 1–4). All of plaintiff's claims therefore were raised in his prior action or could have been raised then. Accordingly, the final element of res judicata under federal law is satisfied. See Pueschel, 369 F.3d at 354.

Plaintiff offers no argument to counter defendants' res judicata argument, and in response only repeats allegations from his complaint and details his requested damages. These points are not responsive to defendants' res judicata argument.

Because all elements of res judicata apply against all of plaintiff's claims, that doctrine bars the complaint in full, which must be dismissed for failure to state a claim.

        c.      Collateral Estoppel

In addition and in the alternative, collateral estoppel, a doctrine related to but distinct from res judicata, provides a further basis on which to dismiss plaintiff's claims.

As with res judicata, the preclusion law of the jurisdiction whose courts rendered a prior judgment determines the elements of collateral estoppel. In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). Under federal preclusion law, applicable here, collateral estoppel bars re-litigation of an issue decided previously in judicial proceedings and necessary to support the judgment, provided the party against whom the prior decision is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding. Id.; see Allen v. McCurry, 449 U.S. 90, 94–95 (1980). These elements are met here. This court ruled in the prior action that plaintiff failed to state any constitutional claims against any defendant, and plaintiff here certainly had a full and fair opportunity to litigate all the issues underlying that determination in the first suit, given that it arose from the exact same events as here. See generally Lassiter, 2023 WL 7782996. And the

court's legal conclusions about plaintiff's claims in the prior action, that he failed to allege a lack of probable cause to arrest him, or anything necessary to state a municipal liability claim under § 1983, were necessary to the judgment. Id.; see McCurry, 449 U.S. at 94–95.

Plaintiff again makes no arguments responsive to defendants' collateral estoppel contentions.

Collateral estoppel under federal law therefore applies, supplying an additional and alternative basis on which to dismiss plaintiff's claims here as precluded and so failing to state a claim.

2.      Plaintiff's Motions

Plaintiff has lodged a filing labelled a "motion to proceed." This document requests no relief other than "permission . . . to proceed with this case." (Mot. Proceed (DE 14)). In deference to plaintiff's pro se status, the court construes this document as both directed to his in forma pauperis application, and as an opposition to defendants' motion. However, plaintiff's in forma pauperis status has no effect on the court's conclusions above. And the arguments plaintiff presents here against defendants' motion do not alter the court's determinations. This motion is therefore denied, because the relief it requests, "to proceed with this case," is incompatible with the court's ruling on defendants' motion.

Plaintiff has also moved for summary judgment and "to continue." (Mot. Summ. J. (DE 17); Mot. Continue (DE 18)). These filings contain only conclusory accusations of wrongdoing against defendants, and do not affect the court's conclusions above in any way. These motions are accordingly denied.

Finally, plaintiff has filed three motions requesting various forms of discovery. (Mot. Discovery (DE 19); Mot. Discovery (DE 20); Mot. Discovery (DE 21)). These motions again

contain only conclusory assertions of wrongdoing by defendants, and do not alter the court's conclusions above. Given the disposition of defendants' motion to dismiss, no discovery is appropriate and these motions are denied.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (DE 10) is GRANTED, and plaintiff's claims are DISMISSED for failure to state a claim under Rule 12(b)(6). Plaintiff's motions (DE 14, 17, 18, 19, 20, 21) are DENIED. The clerk is directed to close this case.

SO ORDERED, this the 3rd day of January, 2025.

LOUISE W. FLANAGAN
United States District Judge