IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

MAURKICE DOCK FOYE, )
)
Plaintiffs, )
)
v. )
)
**DEFENDANT ROBESON COUNTY'S**
JAMES OBERSHEA, DETECTIVE )
**RESPONSES TO PLAINTIFF'S**
MATTHEW LASSITER, FIRST )
**REQUEST FOR ADMISSIONS**
SERGEANT LEWIS, DEPUTY )
ANDREWS, DEPUTY VAZQUEZ, )
and ROBESON COUNTY, )
)
Defendants. )

## REQUEST FOR ADMISSIONS

1.  Admit Robeson County maintained body-worn camera systems on October 6, 2021.

**RESPONSE: Denied.**

2.  Admit Robeson County maintained in-car camera systems on October 6, 2021.

**RESPONSE: Denied.**

3.  Admit Robeson County maintained booking-area recording systems on October 6, 2021.

**RESPONSE: It is admitted upon information and belief that such systems, if any, were operated by the Sheriff's Office or detention facility personnel and not by Robeson County independently. Except as admitted, denied.**

4.  Admit Robeson County maintained magistrate-area recording systems on October 6, 2021.

**RESPONSE: Denied.**

5. Admit recordings involving Plaintiff were created on October 6, 2021.

**RESPONSE: It is admitted that certain recordings may have been created on that date. Except as admitted, the allegations in this paragraph are denied.**

6. Admit recordings involving Plaintiff were created on December 13, 2022.

**RESPONSE: Denied.**

7. Admit Robeson County had custody or control of those recordings.

**RESPONSE: Denied.**

8. Admit not all recordings involving Plaintiff have been produced.

**RESPONSE: It is admitted upon information and belief that any such recordings are maintained by the Robeson County Sheriff's Office and not by Robeson County. It is admitted confidential recordings have not been produced.**

9. Admit no statutory exemption was cited in the January 28, 2026, response.

**RESPONSE: Objection, the term "January 28, 2026 response" is vague, ambiguous, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, it is admitted there was no exemption cited in the response to Plaintiff's public record request on January 28, 2026. Except as admitted denied.**

10. Admit no certification of completeness accompanied the January 28, 2026, response.

**RESPONSE: Objection, the term "January 28, 2026 response" is vague, ambiguous, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, admitted.**

11. Admit no audit verified completeness of the response.

**RESPONSE: Objection, the terms "January 28, 2026 response" and "audit" are vague, ambiguous, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, denied.**

12. Admit Plaintiff's initial Records Request was submitted on May 15, 2025.

**RESPONSE: Admitted, upon information and belief.**

13. Admit Plaintiff submitted follow-up requests on May 27, 2025 and June 3, 2025.

**RESPONSE: Admitted, upon information and belief.**

14. Admit no substantive response was provided until January 28, 2026.

**RESPONSE: Denied.**

15. Admit Robeson County did not provide a reason for the delay.

**RESPONSE: It is admitted Defendant responded in a reasonable manner and that there was no unreasonable delay.**

16. Admit Robeson County did not cite any lawful exemption for withheld records.

**RESPONSE: Admitted.**

17. Admit County employees communicated internally about Plaintiff's Records Request.

**RESPONSE: It is admitted that internal communications between County employees regarding any Records Request is required. Except as admitted, denied.**

18. Admit Plaintiff's complaints or lawsuits were known to County employees handling the request.

**RESPONSE: It is admitted that such information was publically available. Except as admitted, denied.**

19. Admit Robeson County did not advise Plaintiff that records were unavailable during the delay.

**RESPONSE: It is denied there was any delay in production of records. It is admitted upon information and belief that the County did not advise Plaintiff records were unavailable prior to production. Except as admitted, denied.**

20. Admit Robeson County did not advise Plaintiff that records had been destroyed during the delay.

**RESPONSE: It is denied there was any delay in production of records. It is admitted the County did not advise Plaintiff records were destroyed. Except as admitted, denied.**

21. Admit Robeson County did not advise Plaintiff that additional time was required due to volume.

**RESPONSE: Admitted, upon information and belief.**

22. Admit Robeson County did not seek clarification from Plaintiff during the delay.

**RESPONSE: Admitted, upon information and belief.**

23. Admit Robeson County did not partially produce records before January 28, 2026.

**RESPONSE: Admitted, upon information and belief.**

24. Admit Robeson County did not identify a records custodian to Plaintiff during the delay.

**RESPONSE: Denied.**

25. Admit Robeson County did not provide a timeline for completion during the delay.

**RESPONSE: Denied upon information and belief.**

26. Admit Robeson County policies require timely response to records requests.

**RESPONSE: Admitted.**

27. Admit Robeson County deviated from those policies in responding to Plaintiff.

**RESPONSE: Denied.**

28. Admit no document produced establishes full compliance with Plaintiff's Records Request.

**RESPONSE: Denied.**

29. Admit no document produced explains the delay in responding.

**RESPONSE: It is denied there was a delay in responding.  It is admitted no document supports a delay or explains a purported delay.  Except as admitted, denied.**


30. Admit no document produced refutes Plaintiff's allegation of incomplete production.

**RESPONSE:  Denied.**


This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:  */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101
Attorney for
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 27th, 2026 the foregoing **DEFENDANT ROBESON COUNTY'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

CRANFILL SUMNER LLP


BY:    */s/ Patrick H. Flanagan*
        Patrick H. Flanagan, NC Bar #17407
        Taylor J. Sweet, NC Bar #55101
        Attorney for
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        phf@cshlaw.com
        tsweet@cshlaw.com