EXHIBIT

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

| | | |
|---|---|---|
| MAURKICE DOCK FOYE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT LASSITER'S** |
| | ) | **RESPONSES TO REQUEST FOR** |
| JAMES OBERSHEA, DETECTIVE | ) | **ADMISSIONS** |
| MATTHEW LASSITER, FIRST | ) | |
| SERGEANT LEWIS, DEPUTY | ) | |
| ANDREWS, DEPUTY VAZQUEZ, | ) | |
| and ROBESON COUNTY, | ) | |
| | ) | |
| Defendants. | | |

## REQUESTS FOR ADMISSIONS

1.  Admit you arrived on scene after Plaintiff was already handcuffed.

    **RESPONSE: Admitted.**

2.  Admit Plaintiff was already seated in a patrol vehicle when you arrived.

    **RESPONSE: Admitted.**

3.  Admit you did not initiate Plaintiff's detention.

    **RESPONSE: Admitted.**

4.  Admit you continued Plaintiff's detention after your arrival.

    **RESPONSE: It is admitted that Plaintiff was still detained upon and after my arrival at the scene. Except as admitted, denied.**

5. Admit you did not personally observe Plaintiff commit a crime before continuing his detention.

**RESPONSE: It is admitted I did not personally observe Plaintiff commit a crime when he was being detained. Except as admitted, denied.**

6. Admit portions of the residence were searched before written consent was obtained.

**RESPONSE: It is admitted a firearm was retrieved pursuant to verbal consent. It is admitted a formal search was conducted after written consent was obtained. Except as admitted, denied.**

7. Admit the homeowner signed a consent form after a search had already occurred.

**RESPONSE: It is admitted the consent form was signed after the firearm had been retrieved pursuant to verbal consent. Except as admitted, denied.**

8. Admit Plaintiff was required to sign the same consent form while handcuffed.

**RESPONSE: It is admitted that Plaintiff signed the Consent to Search. Except as admitted, denied.**

9. Admit Plaintiff was not free to leave when asked to sign the consent form.

**RESPONSE: Admitted.**

10. Admit Plaintiff was not advised he could refuse to sign the consent form.

**RESPONSE: Denied.**

11. Admit you told Plaintiff he would be charged during your interaction with him.

**RESPONSE: It is admitted that an investigation was conducted and a determination was made that there was sufficient probable cause to arrest and charge plaintiff. It is admitted Plaintiff was informed he was being charged. Except as admitted, denied.**

12. Admit you attempted to obtain an incriminating statement from Plaintiff.

**RESPONSE: Denied.**

13. Admit Plaintiff did not confess to possessing a firearm.

**RESPONSE: It is admitted Plaintiff confessed to living in a home where a firearm was accessible to him. It is admitted Plaintiff denied possessing the firearm. Except as admitted, denied.**

14. Admit you did not personally observe Plaintiff holding a firearm.

**RESPONSE: Admitted.**

15. Admit no firearm was recovered from Plaintiff's person.

**RESPONSE: Objection, the term "Plaintiff's person" is vague and ambiguous. Subject to and without waiving this objection, it is admitted a firearm was recovered from the dwelling where Plaintiff admits he was located. Except as admitted denied.**

16. Admit you relied on statements from others to associate Plaintiff with the firearm.

**RESPONSE: It is admitted I relied upon all evidence obtained during this investigation, including statements from Plaintiff and other witnesses, to associate Plaintiff with the firearm. Except as admitted, denied.**

17. Admit you were the only officer whose name appeared on the warrant materials.

**RESPONSE: Admitted.**

18. Admit you were the sole affiant who presented facts to the magistrate.

**RESPONSE: Admitted.**

19. Admit some facts in the warrant affidavit were based on information from others.

**RESPONSE: It is admitted that an investigation was conducted which included information provided by the reporting officers, a witness and the victim, Jakiya Chatman. Except as admitted, denied.**

20. Admit you did not personally verify all facts in the warrant affidavit.

    **RESPONSE: Denied.**

21. Admit you did not personally observe Plaintiff commit an assault.

    **RESPONSE: It is admitted the assault occurred prior to my arrival on scene, so I did not witness the assault. Except as admitted, denied.**

22. Admit you observed no visible injury.

    **RESPONSE: Objection, this Request is vague and ambiguous as it is unclear who this Request is referencing. Subject to and without waiving this objection, it is denied I saw no visible injury of any person when I arrived on scene.**

23. Admit the firearm charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**

24. Admit the assault charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**

25. Admit you did not appear in court to testify against Plaintiff.

    **RESPONSE: Admitted.**

26. Admit you were not present when the charges were dismissed.

    **RESPONSE: Admitted.**

27. Admit you did not learn the charges were dismissed until December 13, 2022.

**RESPONSE:  Admitted.**

28. Admit you learned of the dismissal from Plaintiff.

**RESPONSE:  Admitted.**

29. Admit you had no active investigation involving Plaintiff on December 13, 2022.

**RESPONSE:  Admitted.**

30. Admit no document produced establishes probable cause existed before Plaintiff was detained.

**RESPONSE:  Denied.**

This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:   */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101
Attorney for
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 27th, 2026 the foregoing **DEFENDANT LASSITER'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

> Maurkice Foye
> 117 Ridge Drive
> St. Pauls, NC 28384
> Email: maurkicef@gmail.com
> *Plaintiff Pro Se*

CRANFILL SUMNER LLP

BY:     */s/ Patrick H. Flanagan*
        Patrick H. Flanagan, NC Bar #17407
        Taylor J. Sweet, NC Bar #55101
        Attorney for
        P.O. Box 30787
        Charlotte, NC 28230
        Telephone (704) 332-8300
        Facsimile (704) 332-9994
        phf@cshlaw.com
        tsweet@cshlaw.com