EXHIBIT
9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

MAURKICE DOCK FOYE, )
)
Plaintiffs, )
)
v. )
) **DEFENDANT ANDREWS'**
) **RESPONSES TO PLAINTIFF'S**
JAMES OBERSHEA, DETECTIVE ) **REQUEST FOR ADMISSIONS**
MATTHEW LASSITER, FIRST )
SERGEANT LEWIS, DEPUTY )
ANDREWS, DEPUTY VAZQUEZ, )
and ROBESON COUNTY, )
)
Defendants. )

## REQUEST FOR ADMISSIONS

1. Admit you were the first officer to arrive on scene.

   **RESPONSE: Admitted.**

2. Admit you made the first contact with Plaintiff.

   **RESPONSE: Admitted.**

3. Admit Plaintiff was handcuffed immediately upon or shortly after first contact.

   **RESPONSE: Admitted.**

4. Admit Plaintiff was handcuffed before any firearm was located.

   **RESPONSE: Admitted.**

5.  Admit Plaintiff was handcuffed before any search was conducted.

   **RESPONSE:  Admitted.**

6.  Admit Plaintiff was placed inside your patrol vehicle.

   **RESPONSE:  Admitted.**

7.  Admit Plaintiff was not free to exit your patrol vehicle.

   **RESPONSE:  Admitted.**

8.  Admit Plaintiff was not free to leave once placed in your patrol vehicle.

   **RESPONSE:  Admitted.**

9.  Admit you considered Plaintiff "detained" while he was in your patrol vehicle.

   **RESPONSE:  Admitted.**

10. Admit Plaintiff's freedom of movement was fully restrained while in your patrol vehicle.

   **RESPONSE: Objection, the terms "freedom of movement" and "fully restrained" are vague and ambiguous.  Subject to and without waiving this objection, it is admitted that Plaintiff was being detained in the safety of my patrol vehicle. Except as admitted, denied.**

11. Admit no firearm was recovered from Plaintiff's person.

   **RESPONSE: Objection, the term "Plaintiff's person" is vague and ambiguous. Subject to and without waiving this objection, it is admitted a firearm was recovered from the dwelling where Plaintiff admitted he was located.  Except as admitted denied.**

12. Admit you did not personally observe Plaintiff holding a firearm.

   **RESPONSE:  Admitted.**

13. Admit you did not personally observe Plaintiff exercising control over a firearm.

**RESPONSE:  Objection, the phrase "exercising control over a firearm" is vague and ambiguous.  Subject to and without waiving this objection, it is admitted I witnessed Plaintiff walk out of the home where the firearm was located and he was not holding the firearm when he walked out.  Except as admitted, denied.**

14. Admit you had no physical evidence linking Plaintiff to a firearm at the time of

handcuffing.

**RESPONSE:  Objection, the phrase "physical evidence" is vague, ambiguous, and incomprehensible.  Subject to and without waiving this objection, it is admitted I had information shots were fired at the residence at the time of the handcuffing.  Except as admitted, denied.**

15. Admit you had no witness statement establishing firearm possession at the time of

handcuffing.

**RESPONSE:  It is admitted I had information obtained from a witness that shots were fired at the residence at the time of the handcuffing.  Except as admitted, denied.**

16. Admit you did not personally observe Plaintiff commit an assault.

**RESPONSE:  It is admitted the assault occurred prior to my arrival on scene, so I did not witness the assault. Except as admitted, denied.**

17. Admit you observed no visible injury at the time of handcuffing.

**RESPONSE:  Objection, this Request is vague and ambiguous as it is unclear who this Request is referencing.  Subject to and without waiving this objection, it is denied I saw no visible injury of any person at the time of the handcuffing.**

18. Admit you relied on information obtained after detention to support charges.

**RESPONSE: It is admitted law enforcement relied upon information obtained during the entire course of the investigation, including before, during, and after detention, to support charges. Except as admitted, denied.**

19. Admit Plaintiff was detained before probable cause was fully developed.

**RESPONSE: Admitted.**

20. Admit no arrest warrant existed at the time Plaintiff was handcuffed.

**RESPONSE: Admitted.**

21. Admit no search warrant existed at the time Plaintiff was handcuffed.

**RESPONSE: Admitted.**

22. Admit the initial response was based on a 911 call.

**RESPONSE: Admitted.**

23. Admit the CAD event was initially classified as ACC.

**RESPONSE: Denied, due to lack of knowledge or belief.**

24. Admit the CAD classification was modified after officers arrived.

**RESPONSE: Denied, due to lack of knowledge or belief.**

25. Admit other officers arrived after Plaintiff was already detained.

**RESPONSE: Admitted.**

26. Admit information from later-arriving officers was used to support charges.

**RESPONSE: It is admitted information obtained during the entire course of the investigation, including before, during, and after detention, supported charges. Except as admitted, denied.**

27. Admit the firearm charge against Plaintiff was dismissed.

   **RESPONSE: Admitted, upon information and belief.**

28. Admit the assault charge against Plaintiff was dismissed.

   **RESPONSE: Admitted, upon information and belief.**

29. Admit no document produced establishes probable cause existed before handcuffing.

   **RESPONSE: Objection, vague, incomprehensible, and ambiguous, it is unclear what action Plaintiff is asking lacked probable cause prior to handcuffing. Subject to and without waiving this objection, denied.**

30. Admit no document produced contradicts Plaintiff's account of being immediately restrained.

   **RESPONSE: Denied.**

This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:   /s/ Patrick H. Flanagan
      Patrick H. Flanagan, NC Bar #17407
      Taylor J. Sweet, NC Bar #55101
      Attorney for
      P.O. Box 30787
      Charlotte, NC 28230
      Telephone (704) 332-8300
      Facsimile (704) 332-9994
      phf@cshlaw.com
      tsweet@cshlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27th, 2026 the foregoing **DEFENDANT ANDREWS' RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

                             CRANFILL SUMNER LLP

BY:    */s/ Patrick H. Flanagan*
          Patrick H. Flanagan, NC Bar #17407
          Taylor J. Sweet, NC Bar #55101
          Attorney for
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          phf@cshlaw.com
          tsweet@cshlaw.com