EXHIBIT
**10**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

| | |
|---|---|
| MAURKICE DOCK FOYE, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JAMES OBERSHEA, DETECTIVE )<br>MATTHEW LASSITER, FIRST )<br>SERGEANT LEWIS, DEPUTY )<br>ANDREWS, DEPUTY VAZQUEZ, )<br>and ROBESON COUNTY, )<br><br>Defendants. | **DEFENDANT VAZQUEZ'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS** |

## REQUEST FOR ADMISSIONS

1. Admit Plaintiff was handcuffed during the Incident.

   **RESPONSE: It is admitted that the Plaintiff was handcuffed by Deputy Andrews. Except as admitted, denied.**

2. Admit Plaintiff was handcuffed before the investigation was complete.

   **RESPONSE: It is admitted that the Plaintiff was handcuffed for safety while the investigation was conducted for the 911 call for domestic disturbance with gun shots. Except as admitted, denied.**

3. Admit Plaintiff was not free to leave when handcuffed.

   **RESPONSE: Admitted.**

4. Admit Plaintiff was handcuffed before all facts supporting arrest were known.

**RESPONSE: Admitted.**

5. Admit you did not personally observe Plaintiff holding a firearm.

   **RESPONSE: Admitted.**

6. Admit no firearm was recovered from Plaintiff's person.

   **RESPONSE: Objection, the term "Plaintiff's person" is vague and ambiguous. Subject to and without waiving this objection, it is admitted a firearm was recovered from the dwelling where Plaintiff admitted he was located. Except as admitted denied.**

7. Admit the firearm was located based on information provided by another person.

   **RESPONSE: It is admitted another person notified law enforcement there was a firearm located inside the residence. Except as admitted, denied.**

8. Admit you were told where the firearm was located before the search occurred.

   **RESPONSE: It is admitted another person notified law enforcement where the firearm was located prior to the firearm being retrieved by law enforcement. Except as admitted, denied.**

9. Admit you were told the firearm belonged to Plaintiff before the search occurred.

   **RESPONSE: Denied upon information and belief.**

10. Admit you did not independently verify firearm ownership before the search.

    **RESPONSE: It is admitted that I did not investigate the ownership of the firearm prior to retrieving it. Except as admitted, denied.**

11. Admit the firearm was located in an area accessible to others.

**RESPONSE: Admitted.**

12. Admit you did not exclude all other individuals as potential possessors of the firearm.

    **RESPONSE: Objection, incomprehensible and ambiguous, it is unclear what this request is seeking. Subject to and without waiving this objection, prior to retrieval of the firearm, there was no determination as to who owned the firearm. Except as admitted, denied.**

13. Admit you relied in part on inference rather than direct observation.

    **RESPONSE: Objection, vague, overly broad, incomprehensible, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, an investigation was conducted and a decision was made based upon information discovered during that investigation. Except as admitted, denied.**

14. Admit you did not personally observe Plaintiff commit an assault.

    **RESPONSE: Admitted.**

15. Admit you did not observe visible injury at the scene.

    **RESPONSE: Objection, this Request is vague and ambiguous as it is unclear who this Request is referencing. Subject to and without waiving this objection, it is denied I saw no visible injury of any person at the time of the handcuffing.**

16. Admit you relied on witness statements to support the assault charge.

    **RESPONSE: It is admitted law enforcement relied upon all evidence obtained during this investigation, including statements from witnesses on scene to support the assault charges. Except as admitted, denied.**

17. Admit some witness statements were inconsistent.

**RESPONSE: Denied.**

18. Admit Plaintiff was detained before probable cause was fully developed.

    **RESPONSE: Admitted.**

19. Admit some facts relied upon were learned after detention.

    **RESPONSE: Objection, vague, not limited in time or scope, and forces Defendant to guess as to what Plaintiff is referencing. Subject to and without waiving this objection, it is admitted law enforcement relied upon information obtained during the entire course of the investigation, including before, during, and after detention, to support charges. Except as admitted, denied.**

20. Admit no search warrant had been issued at the time of the search.

    **RESPONSE: Admitted.**

21. Admit Plaintiff was not free to leave when consent to search was requested.

    **RESPONSE: Admitted.**

22. Admit Plaintiff was in custody when consent to search was requested.

    **RESPONSE: It is admitted that the Plaintiff was detained in the back seat of a patrol vehicle when the consent search was requested and obtained. Except as admitted, denied.**

23. Admit no audio or video recording documents Plaintiff's consent.

    **RESPONSE: It is admitted there is no video or audio recording of this incident in the possession of this answering Defendant. Except as admitted, denied.**

24. Admit a 911 call initiated law enforcement response.

**RESPONSE: Admitted.**

25. Admit the CAD event was initially classified as ACC.

    **RESPONSE: Denied, due to lack of knowledge or belief.**

26. Admit the CAD classification was changed after officers arrived on scene.

    **RESPONSE: Denied, due to lack of knowledge or belief.**

27. Admit the firearm charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**

28. Admit the assault charge against Plaintiff was dismissed.

    **RESPONSE: Admitted, upon information and belief.**

29. Admit no document produced establishes all facts relied upon existed before handcuffing.

    **RESPONSE: Objection, this Request is vague, incomprehensible, overly broad, ambiguous, and requires Defendant to speculate as to what is being referenced and what is being asked. Subject to and without waiving this objection, Defendant can neither admit nor deny this Request as it is unclear what is being asked.**

30. Admit no document produced contradicts Plaintiff's account of the Incident.

    **RESPONSE: Denied.**

This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:  */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101

Attorney for Defendants
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com

4915-3520-0854 v.1  Case 5:25-ct-03077-FL    Document 46-11    Filed 04/20/26    Page 6 of 7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 27th, 2026 the foregoing **DEFENDANT VAZQUEZ'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

                                      CRANFILL SUMNER LLP

BY:   */s/ Patrick H. Flanagan*
          Patrick H. Flanagan, NC Bar #17407
          Taylor J. Sweet, NC Bar #55101
          Attorney for Defendants
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          phf@cshlaw.com
          tsweet@cshlaw.com