IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-CT-3077-FL

| | | |
|---|---|---|
| MAURKICE DOCK FOYE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DEFENDANT OBERSHEA'S** |
| | ) | **RESPONSES TO PLAINTIFF'S** |
| JAMES OBERSHEA, DETECTIVE | ) | **REQUEST FOR ADMISSIONS** |
| MATTHEW LASSITER, FIRST | ) | |
| SERGEANT LEWIS, DEPUTY | ) | |
| ANDREWS, DEPUTY VAZQUEZ, | ) | |
| and ROBESON COUNTY, | ) | |
| | ) | |
| Defendants. | | |

## REQUEST FOR ADMISSIONS

1. Admit you did not meet with Plaintiff on December 13, 2022 until after speaking with Detective Lassiter.

   **RESPONSE: Admitted.**

2. Admit Detective Lassiter briefed you before you met with Plaintiff.

   **RESPONSE: It is admitted Detective Lassiter provided me with some information about Plaintiff before I met with Plaintiff. Except as admitted, denied.**

3. Admit prior to speaking with Detective Lassiter you were unaware Plaintiff's charges had been dismissed.

   **RESPONSE: Admitted, upon information and belief.**

4. Admit you learned Plaintiff's charges were dismissed during the December 13, 2022 Interaction.

   **RESPONSE: Admitted.**

5. Admit your decision to meet with Plaintiff occurred after Detective Lassiter briefed you.

   **RESPONSE: It is admitted I met with Plaintiff after Detective Lassiter spoke with me about Plaintiff. Except as admitted, denied.**

6. Admit Detective Lassiter was your sole source of information regarding Plaintiff's case prior to your interaction with Plaintiff.

   **RESPONSE: Denied.**

7. Admit no new evidence existed on December 13, 2022.

   **RESPONSE: Objection, the term "new evidence" is vague and ambiguous and requires Defendant to speculate as to Plaintiff's meaning. Subject to and without waiving this objection, it is admitted that the evidence relied on was obtained during the original investigation. Except as admitted, denied.**

8. Admit you refused to discuss probable cause with Plaintiff.

   **RESPONSE: Admitted.**

9. Admit you did not cite any policy or legal authority when refusing to discuss probable cause.

   **RESPONSE: Admitted.**

10. Admit you stated that Plaintiff "shouldn't be worried" if his charges were dismissed.

    **RESPONSE: Denied.**

11. Admit you referenced contacting the District Attorney regarding reopening Plaintiff's case.

**RESPONSE: It is admitted I referenced contacting the DA about whether they would pursue Plaintiff's case further. Except as admitted, denied.**

12. Admit no new evidence supported reopening Plaintiff's case at that time.

**RESPONSE: Objection, the term "new evidence" is vague, overly broad, ambiguous, and is not limited in time or scope, and requires Defendant to speculate as to what Plaintiff is referencing. Subject to and without waiving this objection, it is admitted the only evidence that would support reopening Plaintiff's case would be the evidence gathered during the original investigation. Except as admitted, denied.**

13. Admit you did not initiate any criminal investigation against Plaintiff on December 13, 2022.

**RESPONSE: Admitted.**

14. Admit no warrant or charging document was sought on December 13, 2022.

**RESPONSE: Admitted.**

15. Admit no report documenting the December 13, 2022 Interaction was provided to Plaintiff.

**RESPONSE: Admitted.**

16. Admit Plaintiff had previously filed complaints or lawsuits involving Robeson County.

**RESPONSE: Admitted.**

17. Admit you were aware of Plaintiff's complaints or lawsuits at the time of the December 13, 2022, Interaction.

**RESPONSE: Denied.**

18. Admit you later recognized Plaintiff during his public records requests.

**RESPONSE: It is admitted I recognized Plaintiff at a later date, but do not know if that was in association with his public records requests. Except as admitted, denied.**

19. Admit your recognition of Plaintiff was connected to the December 13, 2022, Interaction.

**RESPONSE: It is admitted I recognized Plaintiff at a later date because I met him on December 13, 2022.**

20. Admit you interacted with Plaintiff regarding records requests in 2025.

**RESPONSE: Denied for lack of information or belief.**

21. Admit no statutory exemption was personally communicated by you to Plaintiff during the records request process.

**RESPONSE: I do not recall communicating any exemption to Plaintiff during his records request process. Except as admitted, denied.**

22. Admit you did not provide Plaintiff with a reason for delay in responding to his records requests.

**RESPONSE: I do not recall providing Plaintiff with any explanation of a purported delay during his records request process. Except as admitted, denied.**

23. Admit you did not advise Plaintiff that records were unavailable during the delay.

**RESPONSE: I do not recall advising Plaintiff records were unavailable during any purported delay in production. Except as admitted, denied.**

24. Admit you did not advise Plaintiff that records were destroyed during the delay.

**RESPONSE: I do not recall advising Plaintiff the records were destroyed during any purported delay. Except as admitted, denied.**

25. Admit you did not advise Plaintiff that additional time was required due to volume.

**RESPONSE: I do not recall advising Plaintiff additional time was required due to volume. Except as admitted, denied.**

26. Admit no document produced explains the delay in responding to Plaintiff's records requests.

**RESPONSE: Denied, due to lack of knowledge or belief.**

27. Admit no document produced justifies your statements regarding reprosecution.

**RESPONSE: Denied, due to lack of knowledge or belief.**

28. Admit no document produced contradicts Plaintiff's account of the December 13, 2022 Interaction.

**RESPONSE: Denied, due to lack of knowledge or belief.**

29. Admit no document produced establishes you had independent knowledge of Plaintiff's case prior to speaking with Detective Lassiter.

**RESPONSE: Denied, due to lack of knowledge or belief.**

30. Admit no document produced establishes your involvement was required on December 13, 2022.

**RESPONSE: Objection as to the term "required" on the basis it is vague and ambiguous in the context used in this Request.   Subject to and without waiving this objection, denied due to lack of information or belief.**


This the 27th day of March 2026.

CRANFILL SUMNER LLP

BY:   */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101
Attorney for
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 27th, 2026 the foregoing **DEFENDANT OBERSHEA'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,** was filed electronically with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system and served the same on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Maurkice Foye
117 Ridge Drive
St. Pauls, NC 28384
Email: maurkicef@gmail.com
*Plaintiff Pro Se*

CRANFILL SUMNER LLP

BY:    */s/ Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Taylor J. Sweet, NC Bar #55101
Attorney for
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
tsweet@cshlaw.com