# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA



FILED

APR 21 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Maurkice Foye,

Plaintiff,

v.

Robeson County, et al.,

Defendants.

Case No. 5:25-ct-3077- FL

---

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

### I. INTRODUCTION

Defendants' opposition fails to create a genuine dispute of material fact and does not

satisfy the requirements of Federal Rule of Civil Procedure 56. Rather than controvert Plaintiff's

Statement of Undisputed Facts with citations to admissible evidence, Defendants rely on

narrative characterization, speculation, and references to collateral matters that are not part of the

material record. That is insufficient as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

324 (1986) (nonmovant must designate specific facts showing a genuine issue for trial);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a dispute must be both genuine and material to preclude summary judgment).

Under Rule 56, once the moving party has supported its motion with evidence, the burden shifts to the nonmoving party to identify specific facts in the record demonstrating a genuine dispute. Defendants have not met that burden.

The undisputed record establishes three controlling facts:

- Plaintiff was detained for approximately **one hour and fifty-one minutes** while restrained and not free to leave;

- Defendants conducted a **warrantless entry and protective sweep prior to obtaining any consent;**

- Defendants developed **no new evidence establishing probable cause** during the course of the detention.

These facts are not meaningfully disputed.

In addition, Defendants' own evidence affirmatively undermines their position. The alleged victim's statement contradicts Defendants' domestic violence theory, the purported witness account is inconsistent with that same statement, and Defendants' own investigative efforts failed to produce any evidence supporting their firearm or probable cause assertions.

On this record, Defendants' response does not create a factual dispute—it confirms the absence of one.

Accordingly, on these undisputed facts—**duration, sequence, and lack of probable cause development**—the Fourth Amendment violations at issue are established as a matter of law, and summary judgment is appropriate.

---

## II. UNDISPUTED FACTS ARE DEEMED ADMITTED UNDER RULE 56(e)

Defendants fail to properly address Plaintiff's Statement of Undisputed Facts in the manner required by Federal Rule of Civil Procedure 56. Rather than responding to each asserted fact with citations to admissible evidence in the record, Defendants rely on generalized argument and narrative characterization.

That is insufficient under Rule 56(c), which requires a party asserting that a fact is disputed to support that assertion with specific citations to materials in the record. Where a party fails to do so, Rule 56(e) permits the Court to consider the fact undisputed for purposes of the motion.

Accordingly, because Defendants have not properly controverted Plaintiff's factual assertions, those facts must be treated as admitted.

The following material facts are therefore undisputed:

- Plaintiff was detained for approximately **one hour and fifty-one minutes** while restrained and not free to leave;

- Defendants conducted a **warrantless entry and protective sweep prior to obtaining consent;**

- Defendants developed **no new evidence establishing probable cause** during the detention;

- Defendants lack specific, articulable facts supporting the charges asserted against Plaintiff.

Defendants do not meaningfully dispute any of these facts with admissible evidence.

Instead, Defendants rely on argument, speculation, and recharacterization of events. Such assertions do not create a genuine dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

Because the material facts are not properly disputed, the Court must evaluate this motion on the basis of the undisputed record. On that record, Defendants cannot establish a lawful basis for their conduct.

## III. PROLONGED DETENTION WITHOUT PROBABLE CAUSE IS UNCONSTITUTIONAL

An investigative detention must be limited in both scope and duration and may not be prolonged beyond the time reasonably necessary to complete its purpose absent the development of additional justification. *United States v. Sharpe*, 470 U.S. 675, 685–86 (1985); *Rodriguez v. United States*, 575 U.S. 348, 354–57 (2015). The Fourth Circuit has made clear that a detention becomes unconstitutional where officers extend it without developing new reasonable suspicion or probable cause. *United States v. Digiovanni*, 650 F.3d 498, 511–13 (4th Cir. 2011).

The undisputed facts establish that:

- Plaintiff was detained for approximately **one hour and fifty-one minutes**;

- Plaintiff remained **restrained in handcuffs and not free to leave**;

- Defendants developed **no new evidence establishing probable cause** during the detention.

Defendants do not meaningfully dispute any of these facts.

Under controlling law, these facts are dispositive. A detention of this length, unaccompanied by the development of additional justification, exceeds the permissible bounds of an investigative stop and becomes unlawful as a matter of law. *Rodriguez*, 575 U.S. at 354–57; *Digiovanni*, 650 F.3d at 511–13.

Moreover, the duration of the detention independently undermines Defendants' assertion that probable cause existed. If probable cause had existed at the outset, there would have been no need to detain Plaintiff for nearly two hours while attempting to develop supporting evidence. Conversely, Defendants' failure to develop probable cause over the course of an extended detention confirms that it did not exist.

This is not a peripheral detail—it is central to the constitutional analysis. The Fourth Amendment requires that seizures be justified at their inception and reasonably related in scope and duration to the circumstances that justified the interference. Where, as here, officers prolong a detention without developing evidence to support probable cause, the continued detention itself becomes unlawful.

Accordingly, the undisputed duration and lack of evidentiary development establish that Plaintiff's detention violated the Fourth Amendment as a matter of law

## IV. WARRANTLESS ENTRY PRECEDING CONSENT IS UNLAWFUL

The sequence of events is dispositive and resolves the legality of the search as a matter of law.

The undisputed record establishes the following sequence:

1. Plaintiff was detained and restrained;

2. Officers entered and conducted a protective sweep of the residence;

3. Consent was obtained only **after** the entry and search had already occurred.

Fourth Amendment analysis is time-specific. The legality of a search must be assessed at the moment it occurs—not based on later-developed justifications. *Florida v. Royer*, 460 U.S. 491, 507–08 (1983); *Bumper v. North Carolina*, 391 U.S. 543, 548–49 (1968).

Because the entry and sweep occurred prior to any consent, the search cannot be justified by that consent. Post hoc consent does not retroactively validate a warrantless entry.

Defendants do not meaningfully dispute this sequence.

Moreover, even if the Court were to consider the subsequent consent, the circumstances under which it was obtained render it invalid. At the time consent was obtained:

- Plaintiff had been detained for nearly two hours;

- Plaintiff remained restrained and not free to leave;

- officers had already entered and searched the residence.

Consent obtained under these conditions is not voluntary and is tainted by the prior unlawful entry and detention. *Royer*, 460 U.S. at 507–08.

The record further confirms the absence of any lawful basis for the search. Defendants' own officer admitted that he was searching for:

- evidence that a firearm had been discharged; and

- evidence of any other criminal activity.

Despite conducting a sweep and subsequent search, he found **no evidence supporting either theory**.

This is significant. The search was not supported by a warrant, was not preceded by valid consent, and did not uncover any evidence that could justify the intrusion. Instead, it reflects an exploratory search conducted in the absence of lawful justification.

Defendants' search theory therefore fails for multiple independent reasons:

- the entry occurred before consent;

- the consent was not voluntary;

- the search produced no evidence supporting probable cause;

- no exigent circumstances or other justification have been identified.

Accordingly, the undisputed sequence and lack of evidentiary support establish that the warrantless entry and search violated the Fourth Amendment as a matter of law.

## V. DEFENDANTS FAIL TO ESTABLISH PROBABLE CAUSE

Defendants' assertion that probable cause existed fails as a matter of law because it is not supported by facts satisfying the elements of any underlying offense.

Probable cause requires specific, articulable facts sufficient to warrant a reasonable belief that a crime has been committed. It cannot be based on speculation, conclusory assertions, or post hoc reasoning. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Here, Defendants fail to identify any such facts.

The record contains no evidence establishing:

- Plaintiff's knowledge of any alleged criminal activity;

- Plaintiff's dominion or control over any alleged contraband;

- Plaintiff's intent to commit a criminal act;

- any conduct by Plaintiff satisfying the elements of a criminal offense.

  Defendants do not meaningfully dispute this absence of evidence.

  Instead, Defendants rely on:

- Plaintiff's proximity to alleged circumstances;

- speculative inferences;

- a post hoc narrative constructed during litigation.

This is legally insufficient.

Mere proximity does not establish probable cause, nor does it satisfy the elements of constructive possession or any other offense. Likewise, speculation and after-the-fact explanations cannot substitute for contemporaneous facts known to officers at the time of the detention and arrest.

Moreover, Defendants' position is internally inconsistent and contradicted by their own evidence. The alleged victim's statement undermines the domestic violence theory, the purported witness account conflicts with that statement, and Defendants' own investigation failed to produce any evidence supporting firearm-related or other criminal conduct.

These deficiencies are not minor—they are fundamental. Probable cause must be grounded in facts, not assumptions, and Defendants have identified none that satisfy the elements of any offense.

Accordingly, Defendants' probable cause argument does not create a genuine dispute of material fact and fails as a matter of law.

## VI. DOMESTIC VIOLENCE THEORY FAILS AS A MATTER OF LAW

Defendants cannot establish probable cause for any domestic violence-related offense because the record does not contain facts satisfying the required elements under North Carolina law.

To support such a charge, Defendants must identify facts demonstrating unlawful conduct, such as:

- the intentional infliction of bodily injury;

- an attempt to cause such injury; or

- conduct placing another in fear of imminent serious harm.

Defendants fail to identify evidence supporting any of these elements.

Instead, Defendants' own evidence defeats their theory. The alleged victim, Ms. Chatman, stated that **she initiated the physical altercation by striking Plaintiff first**. Defendants do not dispute this statement.

This fact is dispositive. Where the alleged victim admits to initiating the encounter, the inference of unlawful conduct by Plaintiff is substantially undermined, and the issue of self-defense is necessarily implicated. Defendants identify no facts negating self-defense and no evidence suggesting that Plaintiff's response exceeded lawful defensive force.

Beyond this admission, the record contains no evidence establishing:

- that Plaintiff intentionally caused unlawful bodily injury;

- that Plaintiff attempted to inflict such injury;

- that Plaintiff engaged in conduct placing Ms. Chatman in fear of imminent serious harm.

Defendants instead rely on a generalized characterization of the incident as "domestic violence." That characterization is legally insufficient. "Domestic violence" is not itself an

element of a criminal offense and cannot substitute for proof of the specific conduct required under the law.

Even accepting Defendants' narrative, they fail to identify facts satisfying the elements of any qualifying offense. The absence of evidence establishing unlawful conduct, combined with the alleged victim's admission that she initiated the altercation, precludes a finding of probable cause.

Accordingly, Defendants' domestic violence theory fails as a matter of law and cannot support the detention or arrest at issue.

## VII. DEFENDANTS' WITNESS ACCOUNT IS CONTRADICTED

Defendants' witness-based theory of probable cause fails because it is directly contradicted by their own record evidence and cannot support a reasonable belief that a crime occurred.

Defendants assert that Plaintiff forcibly dragged Ms. Chatman back into the residence. However, Ms. Chatman's own statement establishes that:

- she exited the residence voluntarily; and

- she went to the back porch of her own free will.

    Defendants do not dispute this statement.

This contradiction is material and dispositive. Where the primary evidence supporting probable cause is directly contradicted by the alleged victim's own account, it cannot form a reliable basis for a reasonable belief that criminal conduct occurred.

Defendants offer no explanation reconciling these conflicting accounts and identify no additional evidence that would support their version. They do not present corroborating physical evidence, consistent witness testimony, or any other facts that would resolve the contradiction in their favor.

Instead, Defendants rely on a single, disputed narrative while ignoring the directly conflicting statement of the alleged victim.

Such internally inconsistent evidence is insufficient to establish probable cause. Probable cause must be grounded in reasonably trustworthy information, not in accounts that are contradicted by the very evidence Defendants rely upon.

Accordingly, Defendants' witness-based theory does not create a genuine dispute of material fact and cannot support probable cause as a matter of law.

## VIII. CONSTRUCTIVE POSSESSION THEORY FAILS

Defendants' firearm-based probable cause theory fails as a matter of law because it is not supported by facts establishing constructive possession.

Constructive possession requires evidence that a defendant had both:

1. the power to exercise dominion and control over the firearm; and

2. the intent to do so.

*Mere proximity is insufficient to establish possession. Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).

Here, Defendants rely entirely on proximity and speculation.

They do not identify evidence establishing:

- that Plaintiff handled the firearm;

- that Plaintiff had knowledge of the firearm;

- that Plaintiff exercised dominion or control over it;

- that Plaintiff had exclusive or even primary access to the location;

- any forensic or physical evidence linking Plaintiff to the firearm;

- any statements indicating possession or control.

Defendants do not meaningfully dispute this absence of evidence.

This failure is reinforced by Defendants' own investigation. Defendant Lassiter admitted that he was searching for:

- evidence that a firearm had been discharged; and

- evidence of any additional criminal activity.

Despite conducting a search and detaining Plaintiff for nearly two hours, he found **no evidence supporting either theory**.

This is dispositive. After an extended detention and investigative effort, Defendants were unable to identify any facts establishing possession. If probable cause existed, such evidence would have been apparent and identifiable during that time.

Instead, Defendants ask the Court to infer possession based solely on proximity. That is precisely the type of reasoning rejected by *Ybarra* and controlling precedent.

Probable cause must be based on concrete, particularized facts—not on speculation or inference untethered to evidence. Defendants have identified none.

Accordingly, Defendants' constructive possession theory does not create a genuine dispute of material fact and fails as a matter of law.

---

## IX. STATUTE OF LIMITATIONS DOES NOT APPLY

Defendants' statute of limitations argument fails because it relies on an oversimplified and unsupported accrual theory that ignores when Plaintiff could reasonably have known the full extent of the constitutional violations at issue.

A claim under 42 U.S.C. § 1983 accrues when the plaintiff knows or has reason to know of the injury forming the basis of the action. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014). However, accrual depends on when the plaintiff could reasonably understand the **nature and cause of the constitutional violation**, not merely when an encounter occurred.

Here, the record establishes that critical facts underlying Plaintiff's claims were not reasonably known at the time of the incident and were instead revealed through later discovery and delayed record production.

Specifically:

- Defendants delayed the production of records for over **eight months**;

- Plaintiff received no meaningful updates for over **six months**;

- the records that were eventually produced were incomplete and lacked explanations regarding delays or withheld materials.

As a result, Plaintiff could not reasonably know:

- that the warrantless entry and sweep occurred **prior to any consent**;

- that Defendants failed to develop evidence supporting probable cause;

- that Defendants' investigative theories lacked evidentiary support;

- the full scope of Defendants' conduct and constitutional violations.

These facts are not incidental—they are central to Plaintiff's claims. Without them, Plaintiff could not fully understand the nature or legal significance of the violations.

Defendants' argument improperly assumes that accrual occurred at the moment of the initial encounter, while ignoring that key facts necessary to evaluate the legality of that encounter were not reasonably knowable until later.

At minimum, the question of when Plaintiff knew or should have known of the full extent of the violations presents a disputed issue of fact. Such issues cannot be resolved at the summary judgment stage.

Accordingly, Defendants have not established that Plaintiff's claims are time-barred, and their statute of limitations defense fails.

## X. COLLATERAL ESTOPPEL DOES NOT APPLY

Defendants' reliance on collateral estoppel fails as a matter of law because they do not satisfy the required elements of the doctrine.

Collateral estoppel applies only where:

(1) the issue sought to be precluded is identical to one previously litigated;

(2) the issue was actually litigated in the prior proceeding; and

(3) the determination of that issue was necessary to the prior judgment.

Defendants fail to establish any of these elements.

First, Defendants do not identify any prior proceeding in which the specific issues presented here were adjudicated. The issues central to this case—including the **duration of Plaintiff's detention, the sequence of the warrantless entry prior to consent, and the absence of newly developed probable cause**—were not previously litigated or decided.

Second, Defendants fail to show that these issues were actually litigated. Prior dismissals, particularly those that did not involve full factual development or adjudication on the merits of these specific issues, do not satisfy the requirement of actual litigation.

Third, Defendants do not demonstrate that any determination regarding these issues was necessary to a prior judgment. They do not identify any prior ruling that resolved the factual and constitutional questions presented here.

Instead, Defendants rely on a generalized assertion that Plaintiff has previously filed related actions. That is insufficient. Collateral estoppel is issue-specific and requires a precise showing that the same issue was previously decided on the merits.

Here, the record reflects that the present claims are supported by **newly developed facts**, including:

- the full duration of Plaintiff's detention;

- the confirmed sequence of entry prior to consent;

- the absence of evidence developed during the investigation;

- contradictions within Defendants' own evidence.

These facts were not previously adjudicated.

Accordingly, Defendants have failed to establish that collateral estoppel applies, and their argument provides no basis for barring Plaintiff's claims.

## XI. PUBLIC RECORDS VIOLATIONS SUPPORT PLAINTIFF

The record reflects a pattern of delay, incomplete production, and lack of transparency in Defendants' handling of Plaintiff's requests for records related to the incident.

Specifically, the undisputed record shows that:

- Plaintiff submitted multiple proper requests through appropriate channels;

- Defendants failed to provide any meaningful response for over **six months**;

- records were not produced until more than **eight months** after the request;

- the production that was eventually provided was incomplete;

- Defendants did not provide explanations for the delays;

- Defendants did not identify whether materials were withheld or the status of completion of the request.

Defendants do not meaningfully dispute these facts.

This pattern of delay and incomplete disclosure is not incidental. It directly affected Plaintiff's ability to understand the sequence of events, evaluate the legality of Defendants' conduct, and identify the absence of evidence supporting probable cause.

Moreover, Defendants' handling of key evidence further underscores these deficiencies. A video already in Plaintiff's possession was subsequently designated as "confidential" through court action, despite being a public record and already disclosed. This action reflects an attempt to control access to evidence rather than ensure transparency.

Taken together, these facts demonstrate:

- a lack of transparency in Defendants' handling of evidence;

- deficient recordkeeping and disclosure practices;

- failures in supervision, training, or policy implementation.

These deficiencies are directly relevant to Plaintiff's claims. They support the inference that Defendants' conduct was not isolated, but instead reflects broader issues in how evidence is maintained, disclosed, and relied upon in forming probable cause determinations.

At minimum, this record creates significant factual issues regarding Defendants' handling of evidence and the completeness and reliability of the information on which they based their actions.

## XII. QUALIFIED IMMUNITY DOES NOT APPLY

Defendants are not entitled to qualified immunity because the undisputed facts establish both a violation of Plaintiff's constitutional rights and the violation of clearly established law.

Qualified immunity applies only where (1) no constitutional violation occurred, or (2) the right at issue was not clearly established at the time of the conduct. Where both prongs are satisfied in Plaintiff's favor, qualified immunity does not apply.

Here, the undisputed record establishes multiple constitutional violations, including:

- the prolonged detention of Plaintiff for nearly **two hours without the development of probable cause;**

- a **warrantless entry and protective sweep conducted prior to obtaining consent;**

- reliance on a legally insufficient theory of **proximity to establish possession;**

- the disregard of **contradictory evidence undermining probable cause.**

The law governing these principles was clearly established at the time of the incident.

It has long been established that:

- an investigative detention may not be prolonged beyond the time reasonably necessary absent additional justification;

- a warrantless entry into a residence without a warrant, valid consent, or exigent circumstances is unlawful;

- probable cause cannot be based on mere proximity or speculation;

- officers may not ignore materially contradictory evidence when assessing probable cause.

Under these well-settled principles, no reasonable officer could believe that the conduct at issue was lawful.

Defendants' actions were not the result of a close legal judgment or unclear law. Rather, they reflect conduct that violates clearly established constitutional limits under any reasonable interpretation of the facts.

Accordingly, Defendants are not entitled to qualified immunity.

## XIII. RULE 56(f) REQUEST FAILS

Defendants are not entitled to summary judgment in their favor because they have not complied with the requirements of Rule 56.

Defendants:

- have not filed a cross-motion for summary judgment;

- do not identify specific claims or issues for which judgment could be entered in their favor;

- have not presented admissible evidence establishing the absence of a genuine dispute of material fact;

- instead rely on repetition of prior arguments, narrative characterization, and conclusory accusations.

Rule 56 requires the presentation of specific facts supported by evidence—not argument. A party cannot obtain summary judgment by opposing a motion with assertions alone.

Accordingly, Defendants' attempt to secure judgment in their favor without meeting the evidentiary and procedural requirements of Rule 56 is improper and must be denied.

---

## XIV. DEFENDANTS RELY ON DISTRACTION

Defendants' response relies on matters that are legally irrelevant to the summary judgment analysis and cannot create a genuine dispute of material fact.

Specifically, Defendants depend on:

- references to prior lawsuits;

- character-based accusations regarding Plaintiff;

- speculative assertions and narrative characterization of events.

None of these constitute admissible evidence, nor do they address the material facts at issue in this case.

Under Rule 56, the Court's analysis is confined to evidence in the record that bears on the existence of a genuine dispute of material fact. References to unrelated proceedings, attacks on a party's character, and unsupported speculation do not satisfy this standard and cannot defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

Defendants do not identify record evidence contradicting Plaintiff's core facts. Instead, they attempt to divert the Court's attention from the undisputed record through collateral matters that have no bearing on the constitutional issues presented.

Accordingly, Defendants' reliance on such materials does not create a genuine dispute of material fact and provides no basis to deny summary judgment.

## XV. NO GENUINE DISPUTE EXISTS

The undisputed record establishes multiple independent constitutional violations and leaves no genuine dispute of material fact for trial.

Specifically, the record demonstrates:

- Plaintiff was subjected to an **unlawful prolonged detention** lasting approximately one hour and fifty-one minutes without the development of probable cause;

- Defendants conducted an **unlawful warrantless entry and protective sweep prior to obtaining consent**;

- Defendants lacked **specific, articulable facts establishing probable cause** for any underlying offense;

- Defendants' own evidence contains **material contradictions**, including inconsistencies between witness accounts and the alleged victim's statement;

- Defendants failed to produce **any evidence supporting their theories** despite an extended detention and investigation.

Defendants do not meaningfully dispute these facts with admissible evidence.

Under Rule 56, summary judgment is appropriate where the record, viewed in the light most favorable to the nonmoving party, demonstrates that no reasonable jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, even when the record is viewed in the light most favorable to Defendants, the absence of evidence supporting probable cause, combined with the undisputed sequence of events and material contradictions in Defendants' own evidence, precludes any reasonable finding in their favor.

Accordingly, no reasonable jury could conclude that Defendants' conduct was lawful, and summary judgment is warranted.

## XVI. CONCLUSION

Defendants have failed to meet their burden under Rule 56.

They have not presented admissible evidence creating a genuine dispute of material fact, have not identified facts sufficient to establish probable cause for any underlying offense, and have not provided a lawful justification for their detention, entry, or arrest of Plaintiff.

Instead, the record reflects:

- an unlawful prolonged detention without the development of probable cause;

- a warrantless entry and search conducted prior to obtaining consent;

- the absence of evidence supporting any criminal offense;

- material contradictions within Defendants' own evidence.

On this undisputed record, there is no legally sufficient basis upon which a reasonable jury could find in Defendants' favor.

Accordingly, the record supports only one conclusion: Plaintiff's constitutional rights were violated as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant his Motion for Summary Judgment and award such other relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ˢᵗ day of April , 2026, I served a true and correct copy of the foregoing **Plaintiff's Reply in Support of Motion for Summary Judgment** upon all counsel of record in this action.

Service was made by:

[X] **Electronic filing via CM/ECF**, which will send notification of such filing to all registered counsel of record.

**Respectfully submitted,**

Maurkice Foye

Plaintiff, Pro Se